CRABTREE, J.T.C.
This is a local property tax case wherein defendant moves to dismiss plaintiff’s complaint seeking direct review of the 1985 assessment on its property located at 1215 Harrison Street, Kearny, New Jersey (Block 284, Lots 3A and 5). The motion is predicated upon plaintiff’s alleged failure to comply with the assessor’s request for an income statement in accordance with N.J.S.A. 54:4-34, as amended by A. 1979, c. 91, effective May 16, 1979 (hereinafter sometimes referred to as chapter 91). The statute, as amended, provides:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
Chapter 91 amended the 1960 statute (A. 1960, c. 51) by the addition of the last three sentences dealing with (1) the conse *194 quences of the property owner’s failure to respond to the assessor’s request within the time specified, (2) the county board’s power to impose terms and conditions for furnishing the requested information and (3) the assessor’s obligation to furnish the taxpayer with a copy of the statute.
The facts are not in dispute. On September 10, 1984 defendant’s assessor transmitted to plaintiff by certified mail a printed form request for income and expenses relative to the subject property. Incorporated in the form was the text of N.J.S.A. 54:4-34 prior to the 1979 amendment. The form contained no reference to the consequences of the property owner’s failure to comply with the assessor’s request. Plaintiff did not respond to the request within the time prescribed by the statute. Indeed, the record at this juncture is devoid of any indication that plaintiff has ever acknowledged the request.
Defendant argues that plaintiff’s failure to supply the requested income and expense information precludes judicial review of the 1985 tax assessment on plaintiff’s property and relies upon the antepenultimate sentence in chapter 91 and upon Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469 (Tax Ct.1982), aff’d o.b. per curiam 5 N.J.Tax 475 (App.Div.1983), wherein the current statute was applied to a direct appeal filed pursuant to N.J.S.A. 54:3-21.
Plaintiff argues, on the other hand, that defendant’s failure to comply with the statutory requirement that a copy of the statute be furnished along with the request for income and expense data precludes application of the severe sanction imposed by the statute for the taxpayer’s noncompliance, i.e., denial of judicial or administrative review of the assessment. As plaintiff points out, the municipality’s compliance was not in issue in Terrace View Gardens, where the court found that “the assessor was in compliance with the statute.” Id. at 472.
Thus, the issue framed by the contentions of the parties is whether chapter 91 applies to deny judicial review to a taxpayer who has failed to comply with its requirements notwithstanding a corresponding failure of compliance by the municipality.
*195 The issue has two aspects. First, it must be determined whether the language of chapter 91 is directory or mandatory. Secondly, if the language is mandatory, the court must decide whether the statute is to be strictly construed against the municipality.
Chapter 91 employs the word “shall” in directing the assessor to include a copy of the statute with his request for income and expenses. It is well settled in New Jersey that the word “shall” is presumptively used in an imperative and not a directory sense; and this presumption can only be rebutted by something in the character of the legislation or in the context which justifies a different meaning. Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 110 A. 2d 110 (1954); Cryan v. Klein, 148 N.J.Super. 27, 371 A.2d 812 (App.Div.1977), certif. granted 75 N.J. 606, 384 A.2d 836 (1978), certif. vacated 87 N.J. 304, 434 A.2d 61 (1978). Starkly put, the word “shall” creates a presumption that what is commanded must be done. Diodato v. Camden County Park Commission, 136 N.J.Super. 324, 346 A.2d 100 (App.Div.1975). It is also a fundamental rule of statutory construction that every requirement of the act must have the full effect the language imports unless such interpretation will lead to great inconvenience or subversion of some important object of the act or would lead to an absurdity. Jones v. Proprietors of Morris Aqueduct, 36 N.J.L. 206 (Sup.Ct.1873), aff’d 37 N.J.L. 556 (E. & A.1875). Nothing in the character or context of chapter 91 derogates from the mandatory nature of the direction that the assessor furnish the taxpayer with a copy of the statute; nor does strict interpretation of such direction lead to inconvenience, absurdity or subversion of any legislative object.
 Moreover, the requirement that the property owner respond to the assessor’s request for income and expense data within 45 days is clearly mandatory. The sanction for noncompliance, viz., foreclosing review of an assessment, effectuates the very essence of the statute. Where, as in the case of chapter 91, the provision relates not to the form and manner *196 but to the essence of the ends sought by the Legislature, it is mandatory, not directory. Paramus Boro. v. Ridgewood Park Estates, 42 N.J.Super. 369, 126 A.2d 660 (App.Div.1956); Kohler v. Barnes, 123 N.J.Super. 69, 301 A.2d 474 (Law Div.1973). If the requirement imposed upon the property owner is mandatory, so also is the direction to the assessor to include a copy of the statute with the request for income and expense data. Words or phrases will be given the same meaning throughout the statute in the absence of a clear contrary indication. Perez v. Pantasote, Inc., 95 N.J. 105, 469 A.2d 22 (1984); Petition of Byron, 165 N.J.Super. 468, 398 A.2d 599 (Law Div.1978), aff’d o.b. per curiam 170 N.J.Super. 410, 406 A.2d 982 (App.Div.1979).
In view of the foregoing I conclude that the statutory direction to the assessor to include a copy of the statute with the request for income and expense data is mandatory. The next aspect to be addressed is the consequences of the assessor’s failure to comply with the mandate.
As stated above, the assessor’s request of plaintiff for income and expense data relative to plaintiff’s property included the text of N.J.S.A. 54:4-34 as it read prior to the 1979 amendment effectuated by chapter 91. The 1979 amendment was critical, as it contained provisions which did not appear in the prior statute. One of those provisions was the denial of review of an assessment in the event the taxpayer failed to respond to the assessor’s request. Thus, there was a palpable failure on defendant’s part to comply with the statute. Notwithstanding such failure, defendant contends that plaintiff’s failure to comply with the statute forecloses judicial review of the assessment.
It is well settled that a municipality is not exempt from the principles of fair dealing. In re Appeal of Howard D. Johnson Co., 36 N.J. 443, 177 A.2d 756 (1962); Gruber v. Mayor and Tp. Comm. of Raritan Tp., 73 N.J.Super. 120, 179 A.2d 145 (App.Div.), aff’d 39 N.J. 1, 186 A.2d 489 (1962). As our Su *197 preme Court stated in F.M.C. Stores v. Morris Plains Boro., 100 N.J. 418, 495 A.2d 1313 (1985):
We have in a variety of contexts insisted that government officials act solely in the public interest. In dealing with the public, government must “turn square corners” ... Its primary obligation is to comport itself with compunction and integrity, ...
Similarly, the statutory provisions governing substantive standards and procedures for taxation, including the administrative review process, are premised on the concept that government will act scrupulously, correctly, efficiently, and honestly. It is to be assumed that the municipality will exercise its governmental responsibilities in the field of taxation conscientiously, in good faith and without ulterior motives____[at 426-427, 495 A.2d 1313]
In this case the printed form request stated that the information must be returned within 45 days and cited “54:4-34 Ch. 91 P.L. 79” in support. Yet the text of the statute as amended by chapter 91 was not included with the request. To the contrary, the text incorporated at the bottom of the printed form was not the text of chapter 91; it was the text of a statute which had been the subject of critical, substantive amendment over five years before the printed form request was mailed to plaintiff. Notwithstanding this egregiously careless disregard of the municipality’s statutory responsibility, defendant seeks to hold plaintiff to a scrupulous observance of plaintiff’s responsibility under the law, and to punish plaintiff’s noncompliance by invoking the ultimate sanction, namely, denial of judicial review of plaintiff’s assessment. This is unfair. If, as Justice Holmes said in Rock Island, Arkansas & Louisiana R.R. Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920), “Men must turn square corners when they deal with the government,” it behooves government to behave with corresponding rectitude toward its citizens. See Howbert v. Penrose, 38 F. 2d 577, 581 (10 Cir.1930); Maguire and Zimet, “Hobson’s Choice and Similar Practices in Federal Taxation,” 48 Harv.L.Rev. 1281, 1299 (1935).
In view of the foregoing I conclude that defendant’s failure to comply with the mandatory provisions of chapter 91 renders that statute inapplicable to plaintiff’s direct appeal filed with this court.
*198 Defendant’s motion to dismiss is denied. Plaintiff will prepare the appropriate order and submit it pursuant to R. 4:42-Kb).