669 A.2d 829

TOWER CENTER ASSOCIATES, PLAINTIFF–APPELLANT,
v. TOWNSHIP OF EAST BRUNSWICK, DEFENDANT–
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 12, 1995—Decided January 8, 1996.

Before Judges STERN, WALLACE and NEWMAN.[1]

*Nathan P. Wolf* argued the cause for appellant (*Rosenblum Wolf & Lloyd*, attorneys; *Mr. Wolf,* on the briefs).

*Thomas Olson* argued the cause for respondent (*McKirdy & Riskin*, attorneys; *Mr. Olson,* on the briefs).

The opinion of the court was delivered by

STERN, J.A.D.

In these consolidated matters plaintiff-taxpayer appeals from judgments of the Tax Court which sustained 1992 and 1993 assessments regarding plaintiff's commercial complex.

■ In both cases, defendant Township filed a motion to dismiss the complaint because of plaintiff's failure to comply with the provisions of *N.J.S.A.* 54:4–34 by not responding to the assessor's written request for financial information within the forty-five day time limit prescribed by the statute. In both cases Judge Michael A. Andrew, Jr., declined to dismiss the appeal, but prohibited the taxpayer from introducing proof of value at the hearing. The judge held that, in accordance with *Ocean Pines Ltd. v. Borough of Point Pleasant,* 112 *N.J.* 1, 547 *A.*2d 691 (1988), plaintiff was entitled to a hearing only on the "reasonableness of the underlying data available to the assessor and the reasonableness of the methodology used by the assessor in arriving at the assessment."

After an evidentiary hearing, the judge found that "the underlying valuation data utilized by the Assessor and the methodology employed by the Assessor in arriving at the assessment" for 1992 were reasonable. He, therefore, sustained the assessment and dismissed the complaint on the merits. Plaintiff waived the "reasonableness" hearing with respect to the 1993 assessment and the second case was also dismissed with prejudice.

---

[1] Judge Newman did not participate in oral argument, but with the consent of counsel has participated in the disposition of the appeal.

The underlying facts are as follows. On June 14, 1991, the East Brunswick tax assessor mailed, by certified mail return receipt requested, two separate, written requests to plaintiff for income and expense information relating to its two separately assessed properties in the Township. The assessor received the return receipt cards indicating that the certified letters had been received. However, he received no response from the taxpayer. The assessor's letter read, in pertinent part:

> In the interests of equitable valuations for property tax purposes, it is essential that this office have complete records and be acquainted with rental values and operating expenses.
>
> I am enclosing forms to be utilized for an itemized schedule of all rentals and expenses involved in the operation of the property. In the case of business buildings with term leases, it is essential that all details of the lease be disclosed, such as expiration dates, options for renewal, fixed rentals, tax escalator and maintenance clauses and specific identity of the area occupied.
>
> Under "Income and Expenses", enter your most recent twelve month (January 1, 1990 through December 31, 1990) operational costs to the extent that such expense is actually paid by management.
>
> Attached is a copy of the Statute of the State of New Jersey 54:4–34, amended L.1979 c 91 p. 1, as required.[2]
>
> The Assessor of East Brunswick is committed to equality in taxation and your full cooperation in filing this informational return will be of material aid to this end.
>
> If you have any questions concerning the completion of this form, please contact my office. Be assured that this information will be held in strictest confidence.

The assessor enclosed with the letter forms relating to income and expenses, the mortgage and an "Itemized Rent Roll." A copy of *N.J.S.A.* 54:4–34 was also enclosed. It is undisputed that plaintiff received the request but did not respond thereto.

Plaintiff's 1992 assessment amounted to an aggregate of $27,807,500 for the land and improvements on the two parcels.

On June 12, 1992, the tax assessor mailed, by certified mail, three separate written letters to plaintiff requesting completion and return of an enclosed "Annual Statement of Income and

---

[2] There is no claim that a copy of the statute was not enclosed or that dismissal is precluded on that basis. *Compare SAIJ Realty v. Town of Kearny,* 8 *N.J.Tax* 191 (Tax 1986).

Expenses for Income Producing Properties." The cover letter was identical to the June 1991 letter except for the third paragraph which read:

> Under "Statement and Expenses", enter your most recent twelve month (January 1, 1991 through December 31, 1991) operational costs to the extent that such expense is actually paid by management.

The enclosed "Annual Statement of Income and Expenses For Income Producing Properties" form requested information regarding rental value of all areas, occupied or vacant, as well as income and expenses relating to the property. A copy of the statute was also enclosed.[3]

It is not disputed that despite plaintiff's receipt of the assessor's requests for the financial data in connection with its 1993 assessment, it again failed to respond. Accordingly, the properties were assessed based upon other information available to the assessor in a total amount of $59,230,300.

Plaintiff insists that the assessor's requests for information for both years were "patently illegal and overreaching" and that it, therefore, did not have to respond. "Plaintiff's position is that once a determination is made that the inquiry violates the statutory authorization, it is void and no sanction can be imposed against a taxpayer regardless of whether or not any response to the inquiry was submitted." Hence, plaintiff contends that the "draconian sanction of dismissal [cannot] be imposed." It further suggests that *Ocean Pines* does not limit the right of appeal because that decision is not applicable unless the information requested under the statute is reasonable.

Plaintiff gains support for its position from language of the cases regarding the requested information. *See Ocean Pines, supra,* 112 *N.J.* at 8, 547 *A.*2d 691 (finding that "[p]laintiff failed to comply with a *proper request* for income and expenses information") (emphasis added); *Carriage Four Associates v. Teaneck*

---

[3] The assessor certified to the Tax Court that the request form he utilized was "widely used by assessors throughout the State of New Jersey."

*Township,* 13 *N.J.Tax* 172, 177 (Tax 1993) (noting that "[g]enerally, a taxpayer's property tax assessment appeal will be dismissed where the taxpayer fails to comply with a *legitimate chapter 91 request*") (emphasis added); *Terrace View Gardens v. Tp. of Dover,* 5 *N.J.Tax* 469, 474 (Tax 1982) (finding that "the taxpayer simply ignored the request and failed and refused to comply with a *legal and reasonable request*") (emphasis added), *aff'd o.b.* 5 *N.J.Tax* 475 (App.Div.), *certif. denied,* 94 *N.J.* 559, 468 *A.*2d 205 (1983). *See also Southgate Realty Associates v. Bordentown,* 246 *N.J.Super.* 149, 586 *A.*2d 1338 (App.Div.1991). In *Ocean Pines, supra,* the taxpayer did not make a timely response because it was a recent purchaser of the property and did not have all relevant information.

*N.J.S.A.* 54:4–34 provides:

Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.

The statute (also known as "Chapter 91" because of the 1979 amendment by *L.* 1979, c. 91, § 1) provides assessors with a means of obtaining relevant information to aid them "determine the full and fair value" of real property for purposes of making their assessment. *See N.J.S.A.* 54:4–23.

In *Terrace View Gardens v. Dover Township, supra,* 5 *N.J.Tax* at 471–72, the Tax Court stated that "[t]he purpose of *N.J.S.A.* 54:4–34 is to assist the assessor, in the first instance, to make the

assessment and thereby hopefully to avoid unnecessary expense, time and effort in litigation." Chapter 91, therefore, embodies the public policy of having assessors formulate assessments by using information from the "best available source," the property owner. *Id.* at 472. As stated by Judge Rimm in *Terrace View:*

> While there is a reluctance to dismiss a case on technicalities, the statute before the court does not involve a mere procedural matter. It goes to the very substance of assessing practices. By insuring to the assessor income information from the best available source, it seeks to relieve both the taxpayer and the taxing district of the time and expense of an adversary proceedings [sic] to review an assessment either in the county board of taxation or the Tax Court.
>
> [*Id.*].

*See also Westmark Partners v. Township of West Deptford,* 12 *N.J. Tax* 591, 595–96 (Tax 1992).

Thus, Chapter 91 provides a system for obtaining information necessary to establish the value of property for purposes of levying tax assessments. It may be that the scope of a request thereunder is too broad, or in some way infringes on the rights of the taxpayer, but the statutory requirement cannot be altogether ignored.

We need not decide what a taxpayer must do to challenge a request deemed improper. The taxpayer should undoubtedly respond at least to that part of the request not deemed improper and, as suggested in *Terrace View* (although stated in the context of an appeal by the taxpayer under *N.J.S.A.* 54:3–21 after the assessment), seek relief as to the balance from the County Board of Taxation, or the Tax Court where it would have direct appellate jurisdiction, following an unsuccessful endeavor to convince the assessor that the request must be modified. *See Terrace View, supra,* 5 *N.J.Tax* at 473–75.

■ We hold only that the taxpayer must take action to challenge the request within the forty-five day statutory time limit, and to put the municipality on notice of its contention. In any event, the taxpayer cannot just sit by and do nothing until the assessment is finalized, as this taxpayer did, and thereafter seek to appeal the assessment by plenary review. Such conduct results

in "unnecessary expense, time and effort in litigation." *See Terrace View, supra,* 5 *N.J.Tax* at 471–72.

The Court in *Ocean Pines* did not address the question of what constitutes "good cause" for not furnishing the requested information as required by *N.J.S.A.* 54:4–34. 112 *N.J.* at 9, 547 *A.*2d 691. Instead, the Court left that question open for determination on a case-by-case basis. *Id.* However, as the Tax Court made clear in *Terrace View* (quoted with approval by the Supreme Court in *Ocean Pines,* 112 *N.J.* at 8, 547 *A.*2d 691):

> Refusals on the part of the taxpayers to cooperate with local property assessors cannot be tolerated by this court. Legitimate requests for information by assessors to prepare assessments are actions which should be encouraged by this court. Taxpayers frequently complain of local property tax assessors and their work. Here the taxpayer had an opportunity to supply to the assessor information pertinent to the assessor's work. It failed and refused to do so without any explanation, and its attitude in failing to even respond to the assessor's legitimate statutory request is inexcusable.
>
> [5 *N.J.Tax* at 474–75.]

Where the request is thought not to be "legitimate," in whole or in part, the taxpayer must do something to assert that contention before the assessment is imposed to avoid the statutory bar to appeal embodied in *N.J.S.A.* 54:4–34. Thus, as in *Ocean Pines,* "plaintiff's failure to respond in any fashion to the assessor's request precluded plaintiff from asserting a 'good cause' claim." *Ocean Pines, supra,* 112 *N.J.* at 9, 547 *A.*2d 691.

The judgments of the Tax Court are affirmed.