KAHN, J.T.C.
This is the court’s determination with respect to the City of Newark’s (City) motion to dismiss plaintiffs (taxpayer) complaint by reason of the taxpayer’s failure to respond to the City’s request for income and expense information pursuant to N.J.S.A. 54:4-34, commonly referred to as Chapter 91 (L. 1973, c. 91).
In support of its motion to dismiss, the City submits the certification of its tax assessor, indicating that she mailed a request for income and expense information pursuant to Chapter 91. Attached to the certification are copies of the mailing to the taxpayer, along with a copy of a certified return receipt card exhibiting the signature of a representative of the taxpayer. The certification further indicates that the assessor’s office never received any response to its request.
The taxpayer, in opposition to the motion, submits several certifications with attached exhibits, and a brief. The taxpayer’s arguments are as follows:
1. The request for income and expense information is illegal, in that it does not conform to the requirements of N.J.S.A. 54:4-34, which requires that only the assessor is permitted to send to taxpayers requests for income and expense information; and
*256 2. The motion to dismiss is improper, in that it was filed more than 180 days after filing of the complaint in violation of R. 8:7(e); [1] and
3. Taxpayer timely responded to the request for information; [2] and
4. The notice requesting income and expense information was improper, in that it was undated, and therefore, the 45-day period for taxpayer to respond could not be accurately calculated.
By reason of this court’s determination with respect to arguments No. 1 and No. 2, as hereinafter set forth, this court finds it unnecessary to consider the taxpayer’s remaining arguments.
POINT 1. THE CITY’S CHAPTER 91 REQUEST WAS DEFECTIVE BECAUSE THE REQUEST WAS NOT SENT BY THE ASSESSOR AS REQUIRED BY N.J.S.A. 54:4-34.
N.J.S.A. 54:4-34 provides:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section. [Emphasis added].
Taxpayer acknowledges receipt of the request for income and expense information.[3] Despite the City’s contention that the *257 “assessor” sent the request for income and expense information to the taxpayer, the facts indicate clearly that the request was made by Certified Valuations, Inc., the company performing the revaluation of the City’s properties for 2003. Documents submitted by the taxpayer, undisputed by the City, indicate the letter requesting income and expense information was on Certified Valuations’ letterhead, with requested information to be forwarded to the same company. The specific letter to the taxpayer, entitled “Final Notice,” states, among other things:
In the event that you do not furnish this office with the requested information and expense data within the 45-day period, the law provides that you will be precluded from filing a tax appeal challenging the assessed value of the property.
Additionally, the certified return receipt green card, which is to be signed by the receiving party, indicates the sender to be Certified Valuations, Inc., 50 Park Place, Newark, New Jersey. None of the information forwarded to this taxpayer contains the name of the assessor of the City of Newark. The correspondence authored by the revaluation company neither mentions the name of the assessor nor represents that the request is being made on behalf of the assessor.
The City argues that this contention by taxpayer is merely nitpicking, in that all taxpayers would know that a revaluation is taking place, and the request must be on behalf of the assessor’s office. The City further argues that N.J.A.C. 18:12-4.8(a) indicates that a revaluation company essentially is an agent of the assessor. A certification submitted by a representative of Certified Valuations, Inc. indicates, contrary to the City’s argument before the court, that Certified Valuations, Inc. was hired by the State of New Jersey to perform the revaluation.[4] The City also cites TMC Properties v. Wharton Bor., 15 N.J.Tax 455 (1996), to support its contention that the revaluation company may act as an agent of the assessor, and therefore, the request for chapter 91 information is attributable to the assessor.
*258 This court finds these arguments to be without merit.
There is no dispute that the assessor has a legitimate interest in the timely receipt of income and expense information necessary to value property. Ocean Pines, Ltd. v. Pt. Pleasant Bor., 112 N.J. 1, 10, 547 A.2d 691, 695 (1988). Ocean Pines determined that failure to timely submit income and expense information requires dismissal of the complaint subject only to an opportunity for a limited hearing as to the reasonableness of the assessment.
The controlling statute, N.J.S.A. 54:4-34, clearly indicates that no one other than the assessor may send a request for income and expense information. There is no need for an interpretation of the statute.
Where the words of a statute are clear and their meaning and application plain and unambiguous, there is no reason for judicial construction, White v. State Bd. of Tax App., 123 N.J.L. 350, 353, 8 A.2d 819[, 820] (Sup.Ct.1939), and courts cannot arbitrarily expand them scope. It is beyond the power of a court to construe or implement a law beyond the clear, unambiguous language of the statute. Alling Street Urban Renewal Co. v. Newark, 204 N.J.Super. 185, 189, 497 A.2d 1287[, 1289] (App.Div.1988 [1985]); MacMillan v. Taxation Div. Director, 180 N.J.Super. 175, 177, 434 A.2d 620[, 621] (App.Div.1981); Galloway Tp. v. Petkevis, 2 N.J.Tax 85, 92-93 (Tax Ct.1980).
[Cumberland Holding Corp. v. Vineland, 11 N.J.Tax 457, 462 (1991)].
The court further indicated that:
Fundamental principles of statutory construction require that “[if] the [statutory] language is plain, unambiguous and uncontrolled by other parts of the act or other acts upon the same subject the court cannot give it a different meaning.” [Citation omitted]____
Our duty is to construe and apply the statute as enacted. We are not at liberty to presume the Legislature intended something other than what it expressed by its plain language. This Court will not engage in conjecture or surmise which will circumvent the plain meaning of the act.
[Cumberland Holding Corp. v. Vineland supra, 11 N.J.Tax at 462-63, quoting In re Jamesburg High School Closing, 83 N.J. 540, 547-48, 416 A.2d 896, 899-900 (1980)].
The provision of N.J.A.C. 18:12-4.8(a), indicating that a revaluation company may act as an agent of the assessor, refers only to the conduct of the ongoing revaluation process. There is nothing in that section of the regulation that can be read to supersede N.J.S.A. 54:4-34. That statute does not specify the revaluation *259 company as a party with the right to make an independent request for income and expense information.
The City also looks to TMC Properties v. Wharton Bor., 15 N.J.Tax 455 (1996). In that case, the Tax Court made certain determinations with respect to whether or not a taxpayer’s response to a chapter 91 request for income and expense information was sufficient. Before proceeding to that determination, the Tax Court made the following findings:
Based upon the Certifications submitted by the parties and the testimony presented at an evidentiary hearing, I find the following facts:
The assessor’s August 5, 1994 mailing to plaintiff contained three documents. One was a letter of transmittal which advised the tax-payer that it was “requested to submit the appropriate income and expense data requested on the attached forms for the year ended December 31, 1993____” and stated that the information would be considered “in determining the assessment for the property for the 1995 tax year.” The letter further stated: “If you have any questions with respect to completing the enclosed form, please call [the revaluation company] at [the revaluation company’s telephone number].”
[Id. at 458-59].
Clearly, the Tax Court’s finding in that case, that the assessor’s letter, directed to the taxpayer, introduced and conferred upon the revaluation company the authority to deal with the Chapter 91 information, distinguishes TMC Properties, supra, from this case. The certifications submitted by the City, by its assessor and a representative of the revaluation company, clearly indicate that the assessor played no part in the Chapter 91 process and made no attempt to advise this taxpayer that the revaluation company was handling the revaluation. In fact, no reference was made to the assessor of Newark in the letter from Certified Valuations. The revaluation company did not state that it was acting on behalf of the assessor. Unlike the situation in TMC Properties, the letter to the taxpayer was not signed by the assessor. Clearly, Certified Valuations, Inc. acted independently, and not in concert with the assessor’s office. Even if it did act in concert with the assessor, there is no evidence that the taxpayer was ever adequately informed that Certified Valuations was an agent of the assessor.
*260 In SAIJ Realty, Inc. v. Kearny, the Tax Court stated as follows:
Chapter 91 employs the word “shall” in directing the assessor to include a copy of the statute with his request for income and expenses. It is well settled in New Jersey that the word “shall” is presumptively used in an imperative and not a directory sense; and this presumption can only be rebutted by something in the character of the legislation or in the context which justifies a different meaning. Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 110, A.2d 110 (1954); Cryan v. Klein, 148 N.J.Super. 27, 371 A.2d 812 (App.Div.1977), certif. granted 75 N.J. 606, 384 A.2d 836 (1978), certif. vacated 87 N.J. 304, 434 A.2d 61 (1978). Starkly put, the word “shall” creates a presumption that what is commanded must be done. Diodato v. Camden County Park Commission, 136 N.J.Super. 324, 346 A.2d 100 (App.Div.1975).
[8 N.J.Tax 191, 195 (1986)].
In that case, the Tax Court concluded that failure by the municipality to comply with the mandatory provisions of Chapter 91 renders the statute inapplicable. While SAIJ Realty dealt with the failure to include in the request a copy of the statute, the court’s discussion of mandatory requirements of the statute is applicable in this case. By the plain words of the statute, it is mandatory that the assessor, or someone explicitly acting as the assessor’s agent, send to a taxpayer requests for income and expense information.
The Supreme Court of New Jersey, in F.M.C. Stores Co. v. Boro. of Morris Plains, 100 N.J. 418, 426-27, 495 A.2d 1313[, 1317-18] (1985), sets forth the responsibility of government in dealing with the public, holding that:
In dealing with the public, government must “turn square corners.” Gruber v. Mayor and Tp. Comm. of Raritan Tp., 73 N.J.Super. 120, 179 A.2d 145 (App.Div.), aff'd., 39 N.J. 1, 186 A.2d 489 (1962). This applies, for example, in government contracts. See Keyes Martin v. Director, Div. of Purchase and Property, 99 N.J. 244, 491 A.2d 1236 (1985). Also, in the condemnation field, government has an overriding obligation to deal forthrightly and fairly with property owners. See Rockaway v. Donofrio, 186 N.J.Super. 344, 452 A.2d 694 (App.Div.1982); State v. Siris, 191 N.J.Super. 261, 466 A.2d 96 (1983). It may not conduct itself so as to achieve or preserve any kind of bargaining or litigational advantage over the property owner. Its primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ in dealing with one another.
It is clear that our courts have acknowledged the legitimate interests of both the government and the taxpayers in proceedings involving Chapter 91. The government has a proper need for *261 information from taxpayers that may facilitate the setting of an appropriate assessment and spare both a municipality and taxpayers from the costs of unnecessary litigation. Failure to provide information pursuant to Chapter 91, however, leads to the most draconian of all results, a denial of a taxpayer’s right to have its day in court as to the assessment of its property. As previously discussed, our courts have denied a municipality’s motion to dismiss a complaint where such a request for information is not considered legitimate.[5]
Failure to comply with statutory prerequisites, as herein-above set forth, prevents a municipality from succeeding on a motion to dismiss a complaint, subject only to a limited hearing as to the reasonableness of the assessment. Cassini v. City of Orange, 16 N.J.Tax 438 (1997). In fact, Cassini acknowledges situations in which courts will not dismiss complaints even though no responses were given to chapter 91 requests. See also SAIJ Realty, Inc. v. Kearny, 8 N.J.Tax 191 (1986).
For the reason that the City of Newark failed to comply with the mandatory aspects of N.J.S.A. 54:4-34, this court denies the City’s motion to dismiss the complaint.
POINT 2. PURSUANT TO RULE 8:7(e), THE CITY’S MOTION MUST BE DENIED.
There is no dispute that the complaint in the subject matter was filed with the Tax Court on March 20, 2003. There is also no dispute that the motion to dismiss the complaint made by the City *262 against the taxpayer was filed with the Tax Court on September 22, 2003.
R. 8:7(e) provides as follows:
Motions pursuant to N.J.S.A. 54:4-34. Except in the case of a false or fraudulent account, all motions to dismiss for refusal or failure to comply with N.J.S.A. 54:4-34 shall be filed no later than the earlier of (1) 180 days after the filing of the complaint, or (2) thirty days before the trial date.
Based upon the within Tax Court complaint having been filed March 20, 2003, the 180-day period within which time a motion to dismiss must be made pursuant to R. 8:7(e) expired on September 16, 2003.[6] The City’s motion to dismiss the taxpayer’s complaint was therefore filed more than 180 days after the filing of taxpayer’s complaint.
The City does not dispute the aforementioned facts relating to the filing of the complaint and the filing of the motion to dismiss, and neither challenges the applicability of the rule nor requests in any formal fashion a relaxation of same. Notwithstanding the City’s position, this court looks to Paulison Avenue Associates v. Passaic City, 18 N.J.Tax 101 (1999). Responding to a challenge to the validity of the Tax Court Rule on the ground that it exceeded the Supreme Court rulemaking authority under Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406 (1950), the court held that R. 8:7(e) is “valid as a rule of procedure, not substance. The rule does not relate to the subject matter jurisdiction of the Tax Court, and, even if it did, the rule would constitute a valid rule of procedure.” Paulison Avenue Associates v. Passaic City, surpa 18 N.J.Tax at 113.
For the foregoing reasons, this court denies the City’s motion to dismiss taxpayer’s complaint herein.

 This motion is one of approximately 97 motions to dismiss, filed by the City against various taxpayers. In all of the motions, issue No. 1 is present. In approximately one half of the motions, issue No. 2 is raised. Therefore, this court shall also decide issue No. 2, despite the fact that it would otherwise be unnecessary to do so in light of this court's determination as to issue No. 1.

 This allegation is denied by the City.

 Although taxpayer argues, in opposition to the motion to dismiss, that, in *257 fact, information was forwarded within forty-five days to the revaluation company (which is disputed by the City), this court does not address that issue.

 Essex Cty. Bd. of Taxation v. Newark, 340 N.J.Super. 432, 774 A.2d 655 (App.Div.2001), wherein the Appellate Division directed that State aid due to the City be utilized to fund the revaluation costs.

 In Town Center Associates v. Tp. of East Brunswick, 15 N.J.Tax 692 (App.Div. 1996), the Appellate Division found that a taxpayer could not ignore a request for income and expense information and fail to respond within the 45-day period based upon taxpayer's position that the information requested was overreaching. The court found that where the request, itself, was legal, a taxpayer should respond to that part of such a request not deemed improper. The court cited Ocean Pines, supra, indicating that what constitutes “good cause” for not furnishing the requested information should be determined on a case by case basis. This court concludes that in the case at bar, the initial request was not in conformity with the statute, and, therefore, the taxpayer was not required to provide any information within that 45-day period.

 Since no trial date had been established for this case at the time the motion was filed, the second part of the time period computation is inapplicable.