BIANCO, J.T.C.
The instant matter comes before the court on motion of plaintiff, Town of Phillipsburg (“Phillipsburg”), to dismiss the counterclaim of defendant, ME Realty, LLC (“ME Realty”) pursuant to N.J.S.A 54:4-34 (“Chapter 91”) and R. 8:7(e). The issues raised are twofold: first, whether ME Realty’s failure to respond to Phillipsburg’s Chapter 91 request necessitates a dismissal of ME Realty’s counterclaim; and, second, in the instance when (as here) the plaintiff is a municipality, whether the 180-day time period prescribed in R. 8:7(e) is triggered by the filing of the municipality’s complaint or by taxpayer’s counterclaim.
The facts pertinent to deciding this motion are not in dispute. The underlying ease concerns property located at 61 & 75 South Main Street in Phillipsburg, New Jersey; designated by the taxing district as Lot 7 in Block 911 (the “subject property”). *61 Phillipsburg filed its complaint on April 14, 2010, pursuant to N.J.S.A. 54:51A-7 (“correction of errors”) \ alleging that the assessment levied against ME Realty for 2010 was artificially low due to a typographical error. Phillipsburg conducted a revaluation, effective for tax year 2010.[1]
[2] ME Realty’s original 2010 assessment was:
Land $ 145,000.00
Improvement $2,302,400.00
Abatement ($ 981,300.00)
TOTAL $1,466,100.00
According to Phillipsburg, however, the assessment should have been:
Land $ 145,000.00
Improvement $3,283,700.00
Abatement ($ 981,300.00)
TOTAL $2,447,400.00
Phillipsburg contends that the $1,466,400.00 assessment was the result of applying the $981,300.00 abatement twice (i.e. $145,000.00 land plus $3,283,700.00 in improvements, less an abatement of $1,962,600.00, instead of an abatement of $981,300.00).
ME Realty timely filed an answer and counterclaim on April 30, 2010[3]. ME Realty’s answer denied Phillipsburg’s claim of error. Moreover, in its counterclaim ME Realty asserted that, should Phillipsburg prevail on its correction of errors argument, ME Realty then challenges the correctness of the $2,447,400.00 assess *62 ment that will result from the correction. On October 26, 2010, Phillipsburg filed the instant motion to dismiss ME Realty’s counterclaim for failure to answer Chapter 91.
There is no dispute that ME Realty received Phillipsburg’s Chapter 91 request[4], but did not respond[5]. Phillipsburg’s Municipal Tax Assessor (the “Assessor”), certified that Phillipsburg sent its Chapter 91 request to ME Realty, via certified mail[6]. In fact, at the time of oral argument[7], ME Realty was in possession of the Chapter 91 request and provided the court with photocopies of the documents.[8]

ARGUMENTS

Phillipsburg argues that N.J.S.A. 54:4-34 precludes the Tax Court from hearing ME Realty’s counterclaim challenging the *63 underlying assessment because ME Realty failed to answer the Chapter 91 request.[9] Accordingly, ME Realty’s counterclaim must be dismissed.
In opposition, ME Realty contends that Phillipsburg’s Chapter 91 request was statutorily deficient in that (1) it failed to clearly specify the information sought (i.e. the request was vague and open to various interpretations, and, depending upon the interpretation, was impossible to provide); (2) it failed to set forth the consequences for not responding; (3) failed to provide a copy of N.J.S.A. 54:4-34; and (4) it failed to adequately identify the subject property, since the only identifier was the small and “nearly illegible” address typed at the top of Phillipsburg’s cover letter.
Alternatively, ME Realty argues that the court must deny Phillipsburg’s motion to dismiss because it is untimely. Citing R. 8:7(e), ME Realty contends that the 180-day time period within which to make the instant Chapter 91 motion began to run from the filing of the complaint and not the filing of the counterclaim. Accordingly, ME Realty asserts, Phillipsburg’s motion is out of time since it was filed on the 195th day[10].
For the reasons set forth herein, Phillipsburg’s motion to dismiss ME Realty’s counterclaim is denied.

CHAPTER 91

N.J.S.A. 54:4-34 (“Chapter 91”), requires that:
[ejvery owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and if he shall foil or refuse to respond to the written request of the assessor within 45 days of such request ... [n]o appeal shall be heard from the assessor’s valuation and, assessment with respect to income-producing property where the *64 owner has failed or refused to respond to such written request for information within 45 days of such request____In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
[N.J.S.A. 54:4-34 (emphasis added) ].
The purpose of N.J.S.A. 54:4-34 is “to afford the assessor access to fiscal information that can aid in valuing the property----” Cassini v. City of Orange, 16 N.J.Tax 438, 444 (Tax 1997) (quoting SKG Realty Corp. v. Township of Wall, 8 N.J.Tax 209, 211 (App.Div.1985)). Municipalities must utilize “clear and unequivocal language” to provide taxpayers with fair notice of their Chapter 91 obligations. Cassini, supra, 16 N.J.Tax at 453; See also F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426, 495 A.2d 1313 (1985) (“government must ‘ton square corners’ ”) (quoting Gruber v. Mayor & Township Committee, 73 N.J.Super. 120, 127, 179 A.2d 145 (App.Div.), aff'd, 39 N.J. 1, 186 A.2d 489 (1962)). Accordingly, when “[a] property owner that receives a Chapter 91 request for which a response is impossible ... may not have its appeal dismissed for failure to timely respond to such a request.” Cassini, supra, 16 N.J. Tax at 453.
Generally, “absent a good cause excuse”, taxpayers must respond to Chapter 91 requests “or be deprived of the opportunity to appeal their tax assessments.” Id. at 444. Taxpayers “cannot just sit by and do nothing until the assessment is finalized----” Tower Ctr. Assocs. v. Township of East Brunswick, 286 N.J.Super. 433, 438, 669 A.2d 829 (App.Div.1996).
In Tower Ctr. Assocs., the Appellate Division affirmed the Tax Court’s dismissal of a taxpayer’s complaint based on the taxpayer’s failure to respond to Chapter 91 requests. Id. at 434, 439, 669 A.2d 829. The taxing district mailed its Chapter 91 requests on June 14, 1991 and June 12, 1992. Id. at 435, 669 A.2d 829. The first request asked for income and expense information from January 1, 1990 through December 31, 1990 in addition to information regarding lease “renewal, fixed rentals, tax escalator and maintenance clauses____” Id. The second request asked for the same information for the time period from January 1, 1991 through December 31, 1991. Id. at 436, 669 A.2d 829.
*65 The taxpayer did not respond to either request and, on appeal, argued “that the assessor’s requests for information for both years were ‘patently illegal and overreaching’.” Id. Rejecting taxpayer’s argument, the Appellate Division found that even though “the scope of a [Chapter 91] request thereunder is too broad, or in some way infringes on the rights of the taxpayer ... the statutory requirement cannot be altogether ignored.” Id. at 438, 669 A.2d 829. The court declined to determine what actions a taxpayer must take to challenge an “improper” Chapter 91 request; however, it stated that a
taxpayer should undoubtedly respond at least to that part of the request not deemed improper and, as suggested in Terrace View ... seek relief ... from the County Board of Taxation, or the Tax Court ... following an unsuccessful endeavor to convince the assessor that the request must be modified.
[Id.; See Terrace View Gardens v. Township of Dover, 5 N.J.Tax 469, 473 (Tax 1982), aff'd, 5 N.J.Tax 475, certif. denied, 94 N.J. 559, 468 A.2d 205 (1983)].
Accordingly, the court held that a “taxpayer must take action to challenge the request within the forty-five day statutory time limit, and to put the municipality on notice of its contention.” Tower Ctr. Assocs., supra, 286 N.J.Super. at 438, 669 A.2d 829.
Similarly, in Morey v. Borough of Wildwood Crest, the Appellate Division affirmed the Tax Court’s dismissal of a taxpayer’s appeal because “total avoidance of the [Chapter 91] request during the forty-five day period” was unacceptable. 18 N.J.Tax 335, 340 (App.Div.1999), certif. denied, 163 N.J. 80, 747 A.2d 287 (2000). Although the taxpayers in Morey claimed that poor health prevented their timely response, the court concluded that “if the taxpayer did not respond at all within forty-five days of the assessor’s request, then the failure constitutes a waiver of the taxpayer’s right to appeal----” Id. at 339; See TMC Properties v. Wharton Borough, 15 N.J.Tax 455, 463 (Tax 1996).
Coming to a different conclusion, the Tax Court in Cassini denied the municipality’s motions to dismiss. Cassini, supra, 16 N.J.Tax at 453. In that case, the taxpayers failed to timely respond to a Chapter 91 request claiming that the requests were “defective” thereby relieving them of the obligation to answer. Id. at 441. The facts revealed that the taxing district mailed its Chapter 91 requests around September 22, 1995, requesting infor *66 mation for “tax year ending December 31, 1995.” Id. The Tax Court framed the issue as:
whether the Chapter 91 requests were defective such that the plaintiffs could entirely ignore the 45-day filing deadline for sending the income and expense data to the assessor.
[Id. at 443].
In opposition the taxing district asserted that its Chapter 91 requests were not ambiguous because “the majority of taxpayers” in the municipality, including one of the taxpayers in Cassini, responded to a “virtually identical” request in the prior year. Id. The court rejected this argument, stating that the “fact that a party may have responded to a similarly imprecise request in a prior year does not obligate that party to respond in subsequent years.” Id. at 453.
The Tax Court in Cassini noted two lines of Chapter 91 cases. Id. at 444. One line addresses the obligations of the taxpayer. Id.; See Terrace View Gardens, supra, 5 N.J.Tax 469; Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988); See also Tower Ctr. Assocs., supra, 286 N.J.Super. 433, 669 A.2d 829. The other line addresses the obligations of the assessor. See Cassini, supra, 16 N.J.Tax at 444, 447; See SAIJ Realty, Inc. v. Town of Kearny, 8 N.J.Tax 191 (Tax 1986); ML Plainsboro Ltd. Partnership v. Township of Plainsboro, 16 N.J.Tax 250 (App. Div.), certif. denied, 149 N.J. 408, 694 A.2d 194 (1997); Summerton Shopping Plaza v. Manalapan Township, 15 N.J.Tax 173 (App.Div.1995).
The court found that the “Ocean Pines/Terrace View/Tower Ctr. Assocs. line of cases”, which address taxpayer obligations require “a two-step analytical approach” to determine, (i) whether the taxpayer responded to Chapter 91, and (ii) whether the taxpayer had “good cause” for delaying or failing to furnishing the requested information. Cassini, supra, 16 N.J.Tax at 445. However, the “second line of cases imposes a greater burden on the assessor than the property owner in complying with N.J.S.A. 54:4-34.” Id. at 446. These eases require that municipalities provide “clear cut” notice to taxpayers of the information sought and “support the notion ... that when in doubt about the information sought by *67 assessors, the benefit of that doubt must favor the property owners given the consequences of non-compliance”. Id. at 446-47.
In cases where the taxpayer has made “some response” to Chapter 91, the courts have denied dismissal. Id. at 452. However, when taxpayers make no response, the courts have granted dismissals in all but a few reported cases. Id. at 451; See SAIJ Realty, supra, 8 N.J.Tax 191; Westmark Partners v. West Deptford Township, 12 N.J.Tax 591 (Tax 1992); Delran Holding Corp. v. Delran Township, 8 N.J.Tax 80 (Tax 1985). Extending the latter eases, the Tax Court in Cassini held that a “property owner that receives a Chapter 91 request for which a response is impossible, or for which it is tmclear what response is being sought, may not have its appeal dismissed for failure to timely respond to such a request”. Cassini, supra, 16 N.J.Tax at 453 (emphasis added). Stated otherwise, the “government must speak in clear and unequivocal language ... [t]he taxpayer should not bear the burden of divining the assessor’s intent or purpose in sending a Chapter 91 request.” Id. at 453 (emphasis added).
The court observes that more recent Tax Court decisions addressing Chapter 91 have emphasized the burden on assessors and municipalities rather than the burden on taxpayers. See Tri-Martin Assocs. II, LLC v. City of Newark, 21 N.J.Tax 253, 261 (Tax 2004); Green, supra, 21 N.J.Tax at 331-32; Thirty Mazel, LLC v. City of East Orange, 24 N.J.Tax 357, 362 (Tax 2009)(“ ‘strict obligations’ on the assessor”).
Based on the foregoing, it appears that when challenging the scope of a Chapter 91 request, taxpayers must affirmatively assert their objection. See Tower Ctr. Assocs., supra, 286 N.J.Super. 433, 669 A.2d 829. However, when a Chapter 91 request is ambiguous as to the inform,ation sought, the courts have been more lenient and have allowed appeals to proceed even when the taxpayer did not respond to Chapter 91. Cassini, supra, 16 N.J.Tax at 453.
In the present matter, Phillipsburg’s cover letter to ME Realty requests income and expense data, pursuant to N.J.S.A. 54:4-34, for “tax year ending December 2008/2009”. The court *68 finds Phillipsburg’s Chapter 91 request to be deficient since it does not clearly and unequivocally indicate what information is sought. Requesting information for “tax year ending December 2008/2009” is subject to multiple interpretations among them being that: (i) Phillipsburg was requesting information for both tax years 2008 and 2009, or (ii) Phillipsburg was seeking information from some indeterminable time in 2008 to (perhaps through) 2009. Since the underlying tax year at issue is 2010, the last full calendar year before the 2010 assessment date of October 1, 2009, would have been 2008. However, at the time of the Chapter 91 request, there were three months left in 2009 for which information was not available.
ME Realty made no response, partial or otherwise, and does not dispute receipt of Phillipsburg’s Chapter 91 request. Furthermore, counsel for ME Realty acknowledged during oral argument that failing to respond was a gamble and that ME Realty had received similar Chapter 91 requests from Phillipsburg in prior years and responded without issue. Nevertheless, the Chapter 91 request at issue in this matter is at best ambiguous, and perhaps (in part) impossible to answer, depending upon how the request is interpreted.
This court is satisfied that in Chapter 91 eases, “where the consequence of non-compliance is the loss of the right to appeal ... taxpayers] should not bear the burden of divining the assessor’s intent ...”. Id. When there is “room for reasonable doubt as to whether an average owner of an income producing property would understand an assessor’s request ... the benefit of that doubt should be given to the taxpayer.” ML Plainsboro Ltd., supra, 16 N.J.Tax at 257.
Accordingly, given the ambiguity of Phillipsburg’s request, and the harshness of the consequence for not responding, justice requires this court to give the benefit of the doubt to ME Realty. The court need not address at length alleged deficiencies in Phillipsburg’s identification of the subject property, enclosure of a copy of N.J.S.A. 54:4-34, or failure to set forth the consequences of not responding to the Chapter 91 request, as the court is *69 satisfied Phillipsburg substantially met its obligations under N.J.S.A. 54:4-34 with regard to those items.* [11]

TIMELINESS OF MOTION

Assuming arguendo that ME Realty’s counterclaim was not afforded the benefit of the doubt in the previous analysis, Phillips-burg’s motion would nevertheless be denied as untimely.
R. 8:7(e), provides that:
[mjotions pursuant to N.J.S.A. 54:4-34 ... to dismiss for refusal or failure to comply with N.J.S.A. 54:4-34 shall be filed no later than the earlier of (1) 180 days after the filing of the complaint, or (2) 30 days before the trial date.
[Id. (emphasis added) ].
*70 The Supreme Court implemented R. 8:7(e) “to serve as the mechanism” for effectuating N.J.S.A. 54:4-34. Lucent Technologies, Inc. v. Township of Berkeley Heights, 201 N.J. 237, 247, 989 A.2d 844 (2010). R. 8:7(e) is a rule of procedure, which “has a substantive effect in that it may permit the Tax Court to hear appeals which, in the absence of the rule, would be dismissed or limited in scope as a result of a Chapter 91 motion.” Paulison Ave. Assoc. v. Passaic City, 18 N.J.Tax 101, 109 (Tax 1999). R. 8:7(e) also facilitates the “early disposition” of tax appeals to “avoid unnecessary investments of time and expense”, thereby enabling the “orderly and expeditious processing and disposition of litigation____"Id. at 110.
In the present matter, Phillipsburg filed its complaint on April 14, 2010 and ME Realty served its answer and counterclaim on April 30, 2010. Thereafter, on October 26, 2010[12] (the 180th day after the filing of ME Realty’s counterclaim), Phillipsburg filed the instant motion to dismiss, citing R. 8:7(e). The issue is whether the 180-day time period of R. 8:7(e) runs from the filing of Phillipsburg’s complaint or from the filing of ME Realty’s counterclaim. If the 180-day time period runs from the filing of the counterclaim, then Phillipsburg’s motion was timely; if it runs from the filing of the complaint, the motion is untimely as it was filed 15 days late.[13] The court finds that the 180-day time period runs from the filing of the complaint and the motion is therefore untimely.
When interpreting the New Jersey Court Rules, courts “ordinarily apply canons of statutory construction”. Wiese v. Dedhia, 188 N.J. 587, 592, 911 A.2d 479 (2006); See First Resolution Inv. Corp. v. Seker, 171 N.J. 502, 511, 795 A.2d 868 (2002); Douglas v. Harris, 35 N.J. 270, 278, 173 A.2d 1 (1961). Accordingly, courts must analyze the “plain language of the rale ... [and] ascribe to the [words of the rule] their ordinary meaning and significance ... and read them in context ... so as to give sense *71 to the legislation as a whole.... ” Wiese, supra, 188 N.J. at 592, 911 A.2d 479 (quoting DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005)).
The Supreme Court in Lucent Technologies, stated that R. 8:7(e) contains “clear language”. Lucent Technologies, supra, 201 N.J. at 250, 989 A.2d 844. The language of R. 8:7(e) provides that “all motions to dismiss” except in cases of fraud, “shall be filed no later than ... 180 days after the filing of the complaint____” R. 8:7(e).
Attributing the ordinary meaning to these words, the court finds that the trigger date for the 180-day time period is the date the complaint is filed. The language of R. 8:7(e) specifically pinpoints the complaint as the relevant reference point and notes that it encompasses “all motions.” Id. Further, R. 8:7(e) neither mentions counterclaims nor indicates that a different timeline should apply when the plaintiff is a municipality. Likewise, interpreting the 180-day time period as running from the filing of the complaint is consistent with the Rule’s purpose, which is to facilitate the “early disposition” of appeals. See Paulison Ave. Assoc., supra, 18 N.J.Tax at 110.
Nothing in the legislative history of R. 8:7(e) compels a contrary finding. In fact, the commentary of the Supreme Court Committee in the “Biennial Report of the Supreme Court Committee on the Tax Court, 1996-97 and 1997-98 Court Years,” recognized that R. 8:7(e) “[s]ets time limitations on municipality’s obligation to file [a] motion to dismiss for failure to comply with N.J.S.A. 54:4-34.” 151 N.J.L.J. 731 (dated February 16, 1998, page 43-44) (emphasis added); See also Paulison Ave. Assoc., supra, 18 N.J.Tax at 109 (R. 8:7(e) “imposes on the municipality time limitations for enforcing the statute”).
It is of no consequence that the facts here do not present the usual circumstances that prompt action under R. 8:7(e). It is more prevalent that a taxpayer initiates the challenge to an assessment; in that event, the municipality has 180 days from the filing of the complaint to bring a R. 8:7(e) motion to dismiss. However, in the instant matter, Phillipsburg initiated the underly *72 ing action to correct an error, which prompted ME Realty to file its counterclaim challenging the assessment that would result if the court approved the requested correction. The plain language of R. 8:7(e) affords no distinction, exception, or tolling of the 180-day time period in which to move for dismissal, based upon the type of relief sought in the complaint.
The question now turns to whether the court should relax the 180-day filing requirement of R. 8:7(e), pursuant to R. 1:1-2.
It is well-established that “taxing districts are required to comply with the time prescriptions for the filing of tax appeals, as with all other statutory requirements”. F.M.C. Stores Co., supra, 100 N.J. at 424, 495 A.2d 1313 (“strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government----”); Elrabie v. Borough of Franklin Lakes, 24 N.J.Tax 158, 181 (Tax 2008) (court rejected “taxing district’s request to assert its untimely counterclaims____”); Rabstein v. Township of Princeton, 187 N.J.Super. 18, 24, 453 A.2d 553 (App.Div.1982) (dismissing municipality’s counterclaim as untimely).
In fact, the Supreme Court found that, “the entire property tax structure ... is fashioned so that contests of property tax assessments must be promptly filed and concluded ... ”. N.J. Transit Corp. v. Borough of Somerville, 139 N.J. 582, 590, 661 A.2d 778 (1995) (quoting New Jersey Transit Corp. v. Somerville Borough, 13 N.J.Tax 339, 344 (Tax 1993), aff'd in part, rev’d in part, 273 N.J.Super. 171, 641 A.2d 557 (App.Div.1994), aff'd, 139 N.J. 582, 661 A.2d 778 (1995)).
It is appropriate to relax a rule “if adherence to it would result in an injustice”. R. 1:1-2. In Paulison Ave. Assoc., the court analyzed whether to relax the time period of R. 8:7(e) when the municipality filed its motion to dismiss three months after the 180-day time period had lapsed. Paulison Ave. Assoc., supra, 18 N.J.Tax at 114. The taxpayer filed its complaint on April 1, 1998 and, five months later, on September 1, 1998, R. 8:7(e) became effective. Id. at 105, 114. On September 1, 2009, 27 days remained until the end of the 180-day time period. Id. at 114. *73 However, the municipality did not move to dismiss within the remaining time. Id. The court in Paulison Ave. Assoc., did not apply R. 1:1-2 because of the municipality’s “failure to provide an explanation for the delay in filing its motion____” Id. The court therefore “inferr[ed]” that “no satisfactory explanation” existed and accordingly refused to relax R. 8:7(e). Id.
In the instant matter the court finds that adherence to the rule will not result in an injustice. Phillipsburg’s only explanation to account for the timing of its Chapter 91 motion is the assertion that the 180-day time period runs from the filing of ME Realty’s counterclaim. The court observes that measuring the 180 days from the filing of the complaint left Phillipsburg with 164 days in which to bring a Chapter 91 motion.
Phillipsburg should have reasonably anticipated, upon the filing of its complaint, that ME Realty would mount a defense which may have included a counterclaim contesting the underlying assessment (the correction Phillipsburg seeks in its complaint is substantial, and will result in a significantly higher assessment).
Counterclaims must be served within 35 days from the filing of the complaint. See R. 8:4-3; R. 4:6-1. Consequently, any municipality filing a complaint would have, at the very least, 145 days to comply with R. 8:7(e). The court is satisfied that the remaining 164 days[14] of the initial 180-day time period was more than ample time for Phillipsburg to determine whether ME Realty responded to the Chapter 91 request, and, if not, prepare a motion to dismiss pursuant to R. 8:7(e). Phillipsburg can still pursue its underlying correction of errors case, and, in defending the counterclaim (should Phillipsburg prevail with the correction), the resulting revised assessment will enjoy the presumption of validity, with ME Realty bearing the burden to overcome the same. See Pantasote Co. v. City of Passaic, 100 N.J. 408, 412-13, 495 A.2d 1308 (1985); Riverview Gardens, Section One, Inc. v. Borough of North Arlington, 9 N.J. 167, 174, 87 A.2d 425 (1952); Rodwood *74 Gardens, Inc. v. City of Summit, 188 N.J.Super. 34, 38, 455 A.2d 1136 (App.Div.1982).
Accordingly, the court finds that a relaxation of R. 8:7(e) is not warranted.

CONCLUSION

For the reasons set forth hereinabove, Phillipsburg’s motion to dismiss ME Realty’s counterclaim is denied. The court finds Phillipsburg’s Chapter 91 request deficient since it did not clearly and unequivocally identify the information sought. Furthermore, Phillipsburg failed to comply with the time constraints of R. 8:7(e), which governs the filing of motions to dismiss for failure to answer a Chapter 91 request. A plain reading of the language of the R. 8:7(e) reveals that the 180-day time period within which to bring such a motion runs in all instances from the filing of the complaint, and not from the filing of a counterclaim, when the plaintiff is a municipality. The relaxation of the 180-day time period of R. 8:7(e) is not warranted under the present facts.

 See N.J.S.A. 54:51A-7 and R. 8:4-1. "Complaints to correct errors in accordance with NJ.S.A. 54:51A-7 may be filed at any time during the tax year or within the next 3 tax years thereafter." R. 8:4-1 (a)(3).

 See http://njtaxappeal.info/2009/09/warren-county-revaluation-2010-knowlton-and-phillipsburg/; http://www.asmj ,com/revaluation.asp?p=previous, last visited March 10,2011.

 See R. 8:4-3 and R. 4:6-1(a). “[T]he defendant shall serve an answer, including therein any counterclaim, within 35 days after service ... of the complaint on that defendant.” R. 4:6-1(a).

 ME Realty provided the Certification of its office manager, which stated that ME Realty "received a letter and enclosures via certified mail on or about July 8, 2009 from the Phillipsburg Tax [Assessor."

 During oral argument, ME Realty admitted that it did not answer the Chapter 91 request, but stated that it had “no idea why it wasn’t answered.”

 The Assessor provided a photocopy of the signed certified mail return receipt. The photocopy lists the addressee as: ME Realty, LLC P.O. Box 89 Whitehouse, NJ 08888 PB 911/7 Loe: 61 & 75 South Main St.

 Neither Phillipsburg nor ME Realty requested oral argument. Rather, the court, pursuant to R. l:6-2(c), ”direct[ed] oral argument on its own motion.”

 The Chapter 91 documents provided by ME Realty included: (i) a cover letter from the Assessor, dated July 6, 2009; (ii) a copy of Sec. 54:4-34 pre-filed for introduction in the 1976 Session, Senate No. 309; (iii) an Income & Expense form; and (iv) a Rental Information Sheet. A banner appearing across the top of the cover letter read, in all capital letters: "THE TOWN OF PHILLIPSBURG NEW JERSEY”. In the upper left hand corner also appears:
ME REALTY, LLC
P.O. BOX 89
WHITEHOUSE, NJ 08888
PB: 911/7/
Loe: 61 & 75 SOUTH MAIN ST
The cover letter is signed: "Sincerely, TOWN OF PHILLIPSBURG.” The letter requests income and expense data for "tax year ending December 2008/2009” made "for the property designated above.”

 Phillipsburg does not deny that ME Realty may, at least, defend the correction of error claim.

 Phillipsburg’s complaint was filed on April 14, 2010 and its motion to dismiss was filed on October 26, 2010, which was 195 days thereafter. See New Jersey Lawyers Diary and Manual (2010).

 First, ME Realty, citing Green v. East Orange, claims that Phillipsburg insufficiently identified the subject property due to the small and "nearly illegible” font used. See Green v. East Orange, 21 N.J.Tax 324 (Tax 2004). The court finds no merit to this argument and finds Green readily distinguishable. While the font is small, it is legible; and the subject property is sufficiently discernable and identifiable.
Second, N.J.S.A. 54:4-34 specifically requires that in making Chapter 91 requests "the [municipality] shall enclose therewith a copy of this section.” However, instead of providing a current copy of N.J.S.A. 54:4-34, Phillipsburg sent a copy of the legislative section "Pre-Filed for Introduction in the 1976 Session.” The court compared the document provided to ME Realty with the current version of N.J.S.A. 54:4-34 and finds the content of both to be indistinguishable.
Third, ME Realty asserts that Phillipsburg failed to "spell out” the consequences for not responding. Citing Southland Corp. v. Dover Township, the Tax Court in Thirty Mazel, found that N.J.S.A. 54:4-34 imposes three "strict obligations” on the municipality:
(1) the [Chapter 91 request] must include a copy of the text of the statute; (2) it must be sent by certified mail to the owner of the property; and (3) it must spell out the consequences of failure to comply with the assessor's demand, namely a bar to the taxpayer's taking of an appeal from its assessment.
[Thirty Mazel, supra, 24 N.J.Tax at 362 (quoting Southland Corp. v. Dover Township, 21 N.J.Tax 573, 578 (Tax 2004))].
In Southland, the Tax Court cited only N.J.S.A. 54:4-34 but did not identify any case law or other authority. See Southland, supra, 21 N.J.Tax at 578. While both Southland and Thirty Mazel support the result in this matter, given Phillipsburg's failure to “spell out” the consequences for not responding, this court nevertheless respectfully disagrees with those decisions to the extent they find that the language of N.J.S.A. 54:4-34 requires such additional action by the municipality.

 See New Jersey Lawyers Diary and Manual (2010).

 October 11,2010 was the 180th day after the filing of the complaint. See Id.

 The 180-day time period of R. 8:7(e) lapsed on October 11, 2010. See New Jersey Lawyers Diary and Manual. ME Realty filed its counterclaim on April 30, 2011, which was 164 days prior.