PER CURIAM.
This is an appeal by Summerton Shopping Plaza (Summerton) from a judgment of the Tax Court that dismissed its appeal of the 1993 local property tax assessment of its shopping center in the Township of Manalapan for failure to respond to the assessor’s *175 request for income and expense information made pursuant to N.J.S.A. 54:4-34.
The statute provides:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, ... and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, ... the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from, the assessor’s valuation, and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 15 days of such request____ The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
[Emphasis added.]
On April 2, 1992, the Manalapan Tax Assessor forwarded to Summerton the statutory request for income and expense data by certified mail. It was received the following day, evidenced by a return receipt. It is undisputed that no response to the request was made within forty-five days. In fact, no formal response to that request was ever made.
At the time of the statutory request, Summerton and the Township were engaged in discussions relative to Summerton’s 1992 tax appeal. By letter dated August 11, 1992, counsel for Summerton forwarded to the Township’s counsel information relevant to evaluation of the income producing capability of the shopping eenter, in answer to interrogatories concerning the 1992 appeal. The 1992 appeal was later withdrawn by Summerton, and a judgment of dismissal was entered in the Tax Court on March 24, 1993. Summerton then appealed the 1993 assessment.
The Township moved for summary judgment based upon Summerton’s failure to comply with the statutory request. The Tax Court granted the motion for summary judgment, subject to a “reasonableness” hearing. See Ocean Pines Ltd. v. Borough of PL Pleasant, 112 N.J. 1, 11, 547 A.2d 691 (1988).
*176 Although a reasonableness hearing was requested by Summer-ton, its request was withdrawn. Judgment dismissing the tax appeal was then entered by the Tax Court on December 10, 1993.
Summerton argues on appeal that the Tax Court erred in dismissing the appeal because the documents relating to the income of its property had been provided in the course of discovery for the 1992 appeal on or about August 11, 1992.
Although conceding that it failed to respond to the assessor’s N.J.S.A. 54:4-34 request, Summerton argues that it “substantially complied” because the tax assessor had access to information which would have enabled the assessor to fulfil the statutory assessment duties in timely fashion. Summerton urges that it is unfair for it to suffer the sanction of dismissal of its appeal because the “statute’s spirit is designed to insure that the assessor receives the evaluation data”, and it essentially contends that the assessor must be charged with awareness of the materials received by the Township’s counsel during discovery on the 1992 appeal.
Summerton’s arguments are clearly without merit. R. 2:11— 3(e)(1)(E); Ocean Pines, supra, 112 N.J. at 7-8, 547 A.2d 691. See also Carriage Four Associates v. Teaneck Twp., 13 N.J.Tax 172 (Tax 1993); Terrace View Gardens v. Dover Twp., 5 N.J.Tax 469 (Tax 1982).
We are not at liberty to tamper with the plain language of the statute which mandates dismissal of an appeal not preceded by timely compliance with the assessor’s demand, subject to the reasonableness exception recognized in Ocean Pines. Summer-ton’s withdrawal of the reasonableness hearing request removed the basis for appeal. We note that no “good cause” argument was here proffered to explain non-compliance, nor is any reasonable basis therefor apparent.
It was not “unfair” to require timely compliance with N.J.S.A. 54:4-34 in order to assist the assessor in meeting the assessment deadline for all properties in the taxing district. Special treatment for one requires special treatment for all, thwarting efficient *177 operation of the assessment process. As to the argument that the material given to a municipal attorney in connection with one appeal should be deemed to have “substantially complied” with the assessor’s N.J.S.A. 54:4-34 demand respecting the 1993 assessment, we think that the Legislature meant the assessor’s request notice to the taxpayer must be clear cut and certified, and similarly that the response should be directed to the assessor, rather than charging the assessor with knowledge of information in the hands of other municipal entities.
To the extent the taxpayer relies on the information said to have been known to the assessor, this could easily have been explored in the reasonableness hearing, had the request not been withdrawn.
Affirmed.