KUSKIN, J.T.C.
In this matter plaintiff has appealed the tax year 2004 local property tax assessment on its income-producing property located at 465-481 Route 46 and designated on defendant’s tax map as Block 401, Lot 1. Defendant moves to dismiss the appeal based *159 on plaintiffs failure to respond to an assessor’s request for information sent pursuant to N.J.S.A. 54:4-34, often referred to as “Chapter 91.”[1] As explained below, the request complied with the requirements of the statute, plaintiff received the request and mailed a timely response, but the assessor did not receive the response. For the reasons set forth below, I hold that, under these circumstances, defendant’s motion should be denied.
Chapter 91 provides in relevant part as follows:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, ... and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request ... the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request----The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
[N.J.S.A 54:4 — 34.]
In support of the motion, defendant’s tax assessor submitted a certification stating that her request for information complied with the requirements of the statute in that the request included a copy of the statute and was sent by certified mail, that plaintiff received the request on September 8, 2003, as evidenced by a signed certified mail return receipt, and that no response to the request was received within the forty-five day statutory period or thereafter.
In opposition to the motion, plaintiff submitted certifications of the manager of the subject property and plaintiffs accountant. The property manager set forth in his certification that he is responsible for responding to Chapter 91 requests with respect to the subject property, that he received such a request from defen *160 dant’s tax assessor on or about September 8, 2003, and that the accountant for the property responded to the request. The accountant’s certification stated that, on September 25, 2003, he received the Chapter 91 request from the property manager, prepared a response, placed the response in an envelope which he addressed to the Township of Wayne, and the envelope was deposited in a mailbox with proper postage.
Because the opposing certifications raised potential credibility issues, I convened an evidentiary hearing. At the hearing, plaintiffs property manager and accountant testified as did defendant’s assessor. Based upon the certifications and the testimony at the hearing, I make the following findings of fact:
1. the subject property is income-producing within the meaning of Chapter 91;
2. on or about September 4, 2003, defendant’s assessor mailed a Chapter 91 request to plaintiff by certified mail, return receipt requested;
3. the request complied with the requirements of the statute;
4. plaintiff received the request on September 8, 2003;
5. on September 23, 2003, the property manager for plaintiff delivered the request to plaintiffs accountant;
6. on September 25, 2003, the accountant completed the income and expense form sent by the assessor, providing information that constituted an adequate response to the request;
7. on September 25, 2003, the accountant placed the completed form in an envelope bearing the return address of his accounting firm and personally addressed the envelope to the Township of Wayne at its proper address;
8. on the same date, the accountant delivered the envelope to his secretary who, in accordance with standard procedures in the accountant’s office, placed proper postage for regular mail on the envelope and deposited it in the mail together with all other outgoing mail for that day from the office; and
9. defendant’s assessor did not receive the mailing from plaintiffs accountant.
The legal issue presented under the foregoing factual findings is one that has not yet been addressed, namely, whether the taxpayer or the municipality should prevail when a taxpayer mails, by regular mail, an adequate and timely response to a Chapter 91 request, but the assessor does not receive the response. Defendant contends that, under these circumstances, its motion should be granted because the purpose of Chapter 91 can be fulfilled only if a taxpayer’s response is received by the assessor. The Tax Court articulated the statutory purpose in Terrace View Gardens v. Dover Tp., 5 N.J Tax 469 (Tax 1982), aff'd o.b., 5 N.J. Tax 475 *161 (App.Div.), certif. denied, 94 N.J. 559, 468 A.2d 205 (1983), as follows:
While there is a reluctance to dismiss a ease on technicalities, the statute before the court does not involve a mere procedural matter. It goes to the very substance of assessing practices. By insuring to the assessor income information from the best available source, it seeks to relieve both the taxpayer and the taxing district of the time and expense of an adversary proceedings [sicj to review an assessment either in the county board of taxation or the Tax Court.
The public policy of having the assessor make his assessments by providing him with information from the best available source is a completely salutary policy.
[Id. at 472, 468 A.2d 205.]
Plaintiff argues that denying defendant’s motion will not subvert the purpose of the statute because plaintiff responded to the assessor’s request as required by the statute, and the assessor’s failure to receive plaintiffs response was not attributable to plaintiffs fault or negligence.
Defendant warns that, if plaintiff can defeat a Chapter 91 motion merely by asserting that it mailed a response which was not received, then any taxpayer that did not respond also could defeat a Chapter 91 motion by making the same argument as plaintiff. Plaintiff retorts that defendant’s concerns should not influence my decision because assessors as well as taxpayers can falsify facts in order to prevail on a Chapter 91 motion, and the risk of a taxpayer’s falsely claiming that it mailed a timely response is no greater than the risk of an assessor’s falsely claiming non-receipt of a response. I conclude that plaintiff is correct in its view of the possibility of falsifying facts by taxpayers and assessors. This possibility, however, is not a reason to disregard or reject plaintiffs contentions. Courts regularly determine credibility and truthfulness and can do so in the context of Chapter 91 motions as effectively as they do in other contexts.
In opposing defendant’s motion, plaintiff relies primarily on the precise wording of N.J.S.A. 54:4-34. In particular, plaintiff asserts that the limitation on appeal rights set forth in the statute is applicable only if the taxpayer “shall fail or refuse” to respond to an assessor’s request for information. Plaintiff asserts that it neither failed nor refused to respond, and, therefore, has not *162 violated the statutory standard. Plaintiff argues that decisions granting Chapter 91 motions are not applicable because those decisions relate to situations in which the taxpayers acknowledged their failure to respond and were unable to demonstrate “good cause” for the failure. See, e.g., Summerton Shopping Plaza v. Manalapan Tp., 15 N.J. Tax 173 (App.Div.1995); TMC Properties v. Wharton Bor., 15 N.J. Tax 455 (Tax 1996).
As the factual findings set forth above reflect, I am convinced that the accountant for plaintiff completed the Chapter 91 form provided by defendant’s assessor and mailed the form to the assessor on September 25, 2003, by regular mail. The mailing was done in a manner which satisfies the requirements for establishing a presumption of receipt under SSI Medical Services, Inc. v. State, 146 N.J. 614, 685 A.2d 1 (1996), namely: “(1) that the mailing was correctly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office.” Id. at 621, 685 A.2d 1. Proof that mailing occurred in compliance with these requirements can be in the form of “evidence of habit or routine practice” with corroboration that the practice “was followed in a particular instance.” Id. at 622, 685 A.2d 1. The testimony of plaintiffs accountant established the routine mailing practice in his office and that the practice was followed with respect to the Chapter 91 response he prepared.
The presumption of receipt “is rebuttable and may be overcome by evidence that the [mailing] was never in fact received.” Id. at 625, 685 A.2d 1 (citations and internal quotation marks. omitted). Here, the testimony of the tax assessor has rebutted the presumption. She explained that her office maintains a master list of taxpayers and properties to which Chapter 91 requests are sent. When a response is received, it is filed in the folder for the particular property and a notation of receipt is made on the master list. Upon expiration of the forty-five day response period, the assessor recheeks the master list and the responses received to make sure that all responses have been recorded on the list. She then creates a non-response list orga *163 nized by tax block and lots. Plaintiffs property appears on the 2003 non-response list under Block 401, Lot 1.
The foregoing procedures reflect a careful effort in the assessor’s office to ensure that responses to Chapter 91 requests are properly filed and noted on the assessor’s master list. Consequently, I accept the assessor’s testimony as establishing that she did not receive plaintiffs response to her September 2003 request.
The granting of a motion filed under Chapter 91 results in a limitation on the appeal rights of the taxpayer. As set forth by our Supreme Court in Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988), when a taxpayer has failed to respond to an assessor’s request for information, and a motion based on that failure is granted, the following occurs:
(AJn appeal is limited in its scope to the reasonableness of the valuation “based upon the data available to the assessor.” The taxpayer’s failure to provide the requested financial information in a timely fashion will preclude the use of those data on appeal. The inquiry will focus solely on whether the valuation could reasonably have been arrived at in light of the data available to the assessor at the time of the valuation. Encompassed within this inquiry are (1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation.
[Id. at 11, 547 A.2d 691 (citation omitted).]
This limitation on a taxpayer’s appeal rights is material, substantial, and significant. As a result, our courts have been reluctant to grant Chapter 91 motions unless a municipality can demonstrate strict compliance by the assessor with the letter and purpose of the statute. For example, in Great Adventure, Inc. v. Jackson Tp., 10 N.J. Tax 230 (App.Div.1988), the Appellate Division stated that it was “in accord with” the concept that “the severity of the penalty for noncompliance provided for by N.J.S.A. 54:4-34, namely, the taxpayer’s loss of his right to appeal the assessment, requires a strict construction of the statute.” Id. at 233. In ML Plainsboro Limited Partnership v. Plainsboro Tp., 16 N.J. Tax 250 (App.Div.), certif. denied, 149 N.J. 408, 694 A.2d 194 (1997), the court held that “if there is room for reasonable doubt as to whether an average owner of income producing property would understand an assessor’s request to include a particular kind of information, the benefit of that doubt should be *164 given to the taxpayer.” Id. at 257. The Tax Court’s approach to Chapter 91 motions has been consistent with that set forth in the foregoing Appellate Division decisions. Thus, the Tax Court has denied Chapter 91 motions where the assessor sought to use a request as a discovery device in tax appeal proceedings, Delran Holding Corp. v. Delran Tp., 8 N.J. Tax 80 (Tax 1985), where the assessor enclosed the wrong version of the statute, SAIJ Realty Inc. v. Town of Kearny, 8 N.J. Tax 191 (Tax 1986), where the request was sent after the deadline for setting assessments so that the assessor could not use the information for the purpose contemplated by Chapter 91, Westmark Partners v. West Deptford Tp., 12 N.J. Tax 591 (Tax 1992), and where the assessor requested information for a time period that would not expire until well after the deadline for responding to the request, Cassini v. City of Orange, 16 N.J. Tax 438 (Tax 1997).
Under the facts here, the assessor strictly complied with the requirements of N.J.S.A. 54:4-34, as did plaintiff. Therefore, deciding defendant’s motion requires a balancing of the impact on plaintiff of the granting of the motion against the impact on defendant and the assessing process of the denial of the motion. The balancing must be done in a manner consistent with the statutory interpretation reflected in the decisions discussed in the preceding paragraph, and in a manner that gives proper deference to the constitutional roots of the right to appeal tax assessments. In McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 36, 110 S.Ct. 2238, 2250, 110 L. Ed.2d 17, 35-36 (1990), the Supreme Court described the implications of the right to appeal as follows: “Because exaction of a tax constitutes a deprivation of property, the State must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the Due Process Clause.”[2]
*165 When an assessor has failed to receive a response to a request for information, the impact on the defendant and the assessor resulting from denial of a Chapter 91 motion is of a far lesser magnitude than the impact described above on a taxpayer’s appeal rights resulting from the granting of the motion. Although the absence of a response deprives the assessor of the most current income and expense information available for use in setting an assessment, the unavailability of that information does not affect an assessor’s ability to assess a property as permitted by Chapter 91, that is, “at such amount as [the assessor] may, from any information in [the assessor’s] possession or available to [the assessor], reasonably determine to be the full and fair value thereof.” N.J.S.A 54:4-34. The taxpayer, not the assessor, bears the risk that, without accurate current income and expense information, the assessor will set a high assessment, and the taxpayer will have only limited appeal rights.
Based on the preceding analysis, I conclude that, when a taxpayer, in good faith, responds by regular mail to a Chapter 91 request,[3] and, through no fault or negligence of the taxpayer, the assessor does not receive the response, the severe limitation on appeal rights contained in Chapter 91 should not be imposed. That limitation is appropriate only when a taxpayer has, in the words of the statute, “failed or refused to respond” to the assessor’s request. N.J.S.A. 54:4-34. Because plaintiff neither failed nor refused to respond to the request for information sent by defendant’s assessor, defendant’s motion is denied.

 The current version of the statute reflects amendments enacted as L. 1979, c. 91, § 1.

 The New Jersey Supreme Court has held that, when a Chapter 91 motion is granted, a taxpayer's due process rights are adequately protected by a hearing limited in scope to the issue of the reasonableness of an assessment in light of the data available to the assessor. Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 9-10, 547 A.2d 691 (1988).

N.J.S.A. 54:4-34 requires that the assessor's request be sent by certified mail but imposes no such requirement as to a taxpayer's response. Consequently, plaintiff's use of regular mail complied with the statute.