NUGENT, J.T.C.
The within tax appeal challenges the assessment of two contiguous lots owned by plaintiff which contain a retail store and an adjacent parking area. The assessor for the Borough of Paramus sent a separate request form for each lot seeking financial information for use in reaching the property tax assessments for 2012, pursuant to N.J.S.A. 54:4-34 (commonly known as “Chapter 91” or “Chapter 91 request”). When plaintiff Paramus Associates, LLP (hereinafter “taxpayer or plaintiff’) prepared and returned the requested Chapter 91 income and expense information for the property using just one form rather than two, defendant moved to dismiss the complaint for failure to comply with the statute.
The sanction of dismissal sought by defendant is only appropriate on the occasion that a taxpayer has “failed or refused to respond” to the assessor’s Chapter 91 request as interpreted under N.J.S.A. 54:4-34. Furthermore, when a Chapter 91 request is unclear as to what response is being sought, a property owner may not have its appeal dismissed for failure to timely respond. In the instant matter, plaintiff property owner timely submitted the property’s income and expense information to the assessor, albeit on a single response form. The court finds that under the facts presented plaintiffs actions do not rise to the level of a “failure or refusal to respond” to warrant the harsh sanction of dismissal.
The unique facts unfold as follows. Plaintiff owns the property listed as Block 5201, Lot 3 and Lot 8 on the tax map of the Borough of Paramus (Borough or Paramus), also known as 526 Route 17, Paramus, New Jersey. Lot 8 is the site of the retail store and Lot 3 contains the adjacent parking area and access road. A single lease agreement between plaintiff and Home Depot (tenant) as the sole tenant governs the property.
On October 1, 2011, the assessor mailed two Chapter 91 requests for income and expense information to the tenant at Home Depot’s Property Tax Department, PO Box 105842 Atlanta, Georgia 30348, which were received on October 6, 2011. Soon thereafter, the tenant forwarded the request forms to plaintiff owner for *277 a response. Despite receipt of two separate request forms, one for each lot, plaintiff prepared and returned only one response to the assessor.[1] The accompanying cover letter referenced Block 5201, Lot 8 only, and indicated: “Enclosed is the completed income and expense information for the above mentioned property. Please feel free to contact me at 201-262-4142 if you have any questions or need any further information.” The letter was signed by plaintiffs representative, Richard Clancy, Chief Financial Officer.
It is undisputed that the contiguous lots are in fact one economic unit controlled by a singular lease agreement[2] and that the relevant lease has been provided to defendant in the course of discovery proceedings filed in previous years.[3]
A letter dated September 11, 2012, authored by plaintiffs representative and sent to the tenant, Home Depot describes the property. The letter states:
*278 In 2004 we combined the lots and in accordance with the approvals from the Town, the Home Depot Bath and Tile building that was previously subject to a separate lease were demolished on Lot 3. Also at that time an extension to the existing Home Depot was built on lot 8. Accordingly we now have one lease for the building which is on lot 8. Lot 3 is only a parking lot and access road into the property. The income and expense report filed with the Town reflects all of our income on both lots 3 & 8. If the town is billing you for improvements on Lot 3 their records have not been updated to reflect what they approved and is actually there.
Defendant objected to the letter as presenting inaccurate information in that plaintiff did not in fact send income and expense information to Paramus every year, plaintiff having had the 2011 tax appeal dismissed for failure to comply with the assessor’s request. Defendant also argued that plaintiff’s attempt to infer that a simple typographical error was made in the cover letter, having omitted reference to Lot 3 therein, was a tactic to “divert the Court’s attention” from plaintiff’s failure to respond to the request for information on Lot 3 and urges the court to find that the single lease arrangement does not excuse plaintiffs failure to respond to Lot 3’s Chapter 91 request. In fact, defendant argues that under these circumstances compliance with the statute requires that the taxpayer report two things separately: 1) income received from his single tenant to account for the value of the improved lot (Lot 8); and 2) income received from the parking area (Lot 3), regardless of the fact that such income may be subsumed within Lot 8.
Defendant concludes that absent reported income for each lot the taxpayer’s appeal is subject to dismissal, particularly since each lot is assessed for tax purposes, and because the taxpayer is required to provide the best possible information to the assessor. And therefore, plaintiff’s failure to either timely provide information for Lot 3 required by N.J.S.A. 54:4-34 or to contact the assessor regarding plaintiffs inability to respond within forty-five (45) days of the request, TMC Properties v. Borough of Wharton, 15 N.J.Tax 455 (Tax 1996), warrants a dismissal of the complaint leaving plaintiff the limited opportunity to challenge the reasonableness of the assessment. Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988).
*279 In opposition to the motion, plaintiff argues that application of the two-step analysis set forth by this court in TMC Properties, and its progeny does not support a dismissal of the present appeal. Plaintiff contends that through the timely submission of all the relevant income and expense data for both lots in one submission it has not ‘failed or refused to respond’ within the meaning of N.J.S.A. 54:4-34. Further, the two tax parcels are so inextricably intertwined by virtue of being an economic unit controlled by a single lease agreement, it would be impossible to extrapolate the specific income and expense items attributable to each individual tax parcel. Plaintiff also asserts that it “received two (2) redundant requests for the same set of income and expense data.” Because of this, plaintiff argues it was not clear that a response to both forms was required, thereby rendering the Chapter 91 requests deficient. ML Plainsboro Ltd. P’ship v. Township of Plainsboro, 16 N.J.Tax 250 (App. Div.), certif. denied, 149 N.J. 408, 694 A.2d 194 (1997); Cassini v. Orange City, 16 N.J.Tax 438 (Tax 1997).
Based on the oral argument presented to the court the parties were invited to submit additional information regarding the lease terms, or a copy of the lease, along with supplemental legal argument to support the positions asserted. Submissions were received from both parties.
Plaintiffs representative provided additional information about the leasing activity at the property and certified that:
The subject property is comprised of a retail store building (Lot 8) and the contiguous parking lot and access road (Lot 3). The entirety of the subject property is fully leased to Home Depot, U.S.A., Inc. under the terms of a single lease agreement. On or about October 11, 2011, I forwarded fully responsive income and expense data for the entire property to Mr. James Anzevino, Tax Assessor for the Borough of Paramus ... The income and expense report filed with the town as part of my October 11, 2011 submission included all of the relevant income and expense information for both Lot 3 and Lot 8. There are no additional leasehold interests encumbering the subject property and there is no additional income or expense data associated with either Lot 3 or Lot 8 that was not accurately reflected in my October 11, 2011 submission.[4]
*280 In its supplemental submission defendant did not address the lease structure. Rather, in a change of position, defendant called into question the sufficiency of the information provided in plaintiff’s response. The assessor certified:
My office did receive information, albeit insufficient and non-responsive, from Plaintiff in response to the Chapter 91 request for Block 5201, Lot 8. However, my office did not receive any information from Plaintiff in response to the Chapter 91 request for Block 5201, Lot 3, nor was my office contacted by Plaintiff, within 45 days of the request. Parenthetically, the 2012 assessment for Block 5201, Lot 8 is $20,875,000; and the 2012 assessment for Block 5201, Lot 3 is $9,578,100. Accordingly, the Borough filed the aforementioned Chapter 91 Motion. (Emphasis added.)
[A]n examination of the purported response readily demonstrates that Plaintiff failed to comply with the Chapter 91 request, warranting the granting of the Borough’s Chapter 91 motion in its entirety. Stated otherwise, Plaintiffs purported response fails to provide my office with any fiscal information that can actually and credibly assist in the valuing of the Property.
That is, Mr. Clancy (Plaintiffs Chief Financial Officer) did not provide the required “Gross Base Possible Rental [5],” “Escalation Income [6],” or “Percentage Rent [7]” — terms which are clearly defined in the Borough’s Request. Mr. Clancy’s refusal to provide this required information precludes the Borough’s receipt of the “Difference” income calculation ...
[Plaintiff] failed to provide the following information required by the Scheduled A form: 1) Type of Rental Space; 2) Tenant Name; 3) Classification of Lease; 4) Overage Rent; 5) Escalation income; 6) Year Lease Entered Into; 7) Years Remaining Under Lease; or 10) Year Last Rental Revision, [sic]
For a full understanding of the issues, a description of the request forms sent by the assessor and of plaintiffs response as to Lot 8 is warranted. Parts I and II of the form required Property Identification and the Property Information, including the name of *281 the property owner, block and lot, property name and phone number, year of construction, height of the building, total gross floor area of all floors excluding basement and parking areas, the square footage of the basement, the predominant use of the building, whether the building has elevator service, the total number of rental units, the annual vacancy percentage rate, whether the property was subject to a lease, and whether there were any income and expense figures that differ significantly from the normal operating expenses. The requested information was provided.
In the areas of the request form labeled Part III, IV, and Schedule A, (Statement of Income, Expenses and description of rental space, respectively), plaintiff wrote the words “see attached” across the form. Attached to the form was a self-made statement of “Profit & Loss” from “October 2010 through September 2011.” The “Profit & Loss” statement described all the calculations undertaken to arrive at the taxpayer’s net income. First, under ordinary income the taxpayer listed Home Depot as the only tenant providing a rental income of $2,331,136.04 for a total income of $2,331,136.04. Second, it listed the expenses incurred from October 2010 through September 2011, which included: 1) 2011 Cadillac, $5,000; 2) Chase Auto finance loan, $13,825.68; 3) Amortization Expenses, $43,348.00; 4) Depreciation expenses, $40,431; 5) General administrative expenses, $854,649.14; and 6) Interest Expenses, $1,230,290.26. This accounted for a total expense of $2,187,544.08, and yielded a net ordinary income of $143,591.96. The taxpayer also included “other income”[8] in the amount of $100,351.48 for a total net income of $243,943.44. The statement also indicated that the taxpayer used the cash basis method of accounting.
The legal issue before the court is one of first impression: whether a taxpayer that receives two Chapter 91 requests for two *282 separate lots governed by a singular lease agreement has “failed or refused to respond” pursuant to N.J.S.A. 54:4-34 having submitted income and expense information for both tax parcels albeit in the form of a single response.
It is well settled at law that the purpose of the Chapter 91 request is to assist the assessor’s collection of infonnation for use in establishing value for an income producing property, which value is generally determined by the capitalization approach. Terrace View Gardens v. Township of Dover, 5 N.J.Tax 469 (Tax 1982), aff'd, 5 N.J.Tax 475 (App.Div.1983), certif. denied, 94 N.J. 559, 468 A.2d 205 (1983). The governing statute, N.J.S.A 54:4-34, reads as follows:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property ... and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request ... the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fan- value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for infonnation within 45 days of such request.
The financial information which the assessor seeks by way of a Chapter 91 request is designed “to assist the assessor in the first instance, to make the assessment and thereby ... to avoid unnecessary expense, time and effort in litigation.” Ocean Pines, supra, 112 N.J. at 7, 547 A.2d 691 (quotations omitted).
Our court has applied N.J.S.A 54:4-34 to require that the taxpayer either respond to an assessor’s request within the forty-five day time period set forth in the statute, or provide the assessor with “good cause” for the inability to comply. Tower Center Assoc. v. Township of East Brunswick, 15 N.J.Tax 692 (App.Div.1996). Thus, there is a two-step analysis that “must be employed when deciding whether to grant a municipality’s motion to dismiss a taxpayer’s complaint for failure to respond to a Chapter 91 request.” Southland Corp. v. Township of Dover, 21 N.J.Tax 573, 582 (Tax 2004). The first step “is a determination of whether the taxpayer made a sufficient ‘response’ to the assessor’s request within the statutory forty-five day period.” TMG Proper *283 ties v. Borough of Wharton, 15 N. J.Tax 455, 463 (Tax 1996). The second step is whether there was “good cause” which prevented a timely response. Ibid. The “second step is reached ... only if the ... Tax Court finds that the taxpayer made a sufficient response within the forty-five day period.” Ibid.
Given the severe sanction afforded by Chapter 91, our courts have been reluctant to dismiss an appeal in the absence of sufficient evidence of non-compliance by the taxpayer. See J & J Realty Co. v. Township of Wayne, 22 N.J.Tax 157 (Tax 2005). This is especially because:
When an assessor has failed to receive a response to a request for information, the impact on the defendant and the assessor resulting from denial of a Chapter 91 motion is of a far lesser magnitude than the impact on a taxpayer’s appeal rights resulting from the granting of the motion. Although the absence of a response deprives the assessor of the most current income and expense information available for use in setting an assessment, the unavailability of that information does not affect an assessor’s ability to assess the property as permitted by [N.J.S.A] 54:4-34, that is, at such amount as the assessor may, from any information in the assessor’s possession or available to the assessor, reasonably determine to be the full and fair value thereof.
[Id. at 165.]
Thereby, the limitation is appropriate only “when a taxpayer has, in the [plain] words of the statute, ‘failed or refused to respond’ to the assessor’s request.” Ibid.
That same reluctance is present here under these particular facts. If the court accepts the argument that plaintiffs actions constitute an outright ‘failure or refusal to respond’ it would give rise to a dismissal of the appeal under N.J.S.A. 54:4-34 despite plaintiffs compliance with the statute in having provided income information for the property. Rather, the court accepts as credible plaintiffs contention that because Home Depot and the parking lot operate under the lease as an economic unit, the income and expense information is so intrinsically intertwined that the information for each lot could not have been separately provided. And further, that all of the income and expense information was provided for both tax parcels in a timely manner in response to Lot 8, as certified to by plaintiff.
*284 Contrary to this determination, defendant contends that the parking lot “produces” income since the retail store could not subsist as an income producing property without the parking area. Therefore, even faced with a single lease and one rental payment, under defendant’s arguments, plaintiff is obliged to parcel out the portion of the rental (potentially) attributable to the parking lot and provide that sum separately to the assessor, or risk a wholesale dismissal of the appeal. The court finds that the statute is not susceptible of such an interpretation and clearly was not intended to require that an owner create financial data, but only to report actual income, and thereby, plaintiff neither failed nor refused to comply with the statute. The purpose of the statute is to assist the assessor in setting a fair assessment for the property, not as a method for disposing of tax appeals. Moreover, the goal of assembling a property’s income information for use in arriving at a fair assessment is not furthered by a mechanical application of the statute. The court finds that under the facts presented, where property was the subject of a single lease agreement, the taxpayer’s return of only one response does not amount to an outright failure or refusal to respond under N.J.S.A. 54:4-34 where the information furnished to the assessor contains all of the income and expense for the property.
Additionally, because the court has already found that plaintiff’s response addressing Lot 8 was timely and sufficient as to both lots, TMC Properties does not apply in this instance. Even if, arguably, the two-step analysis was deemed to apply, the court finds that plaintiff did not ignore the assessor’s request, but rather provided a sufficient response in sending the Lot 8 form. Good cause for omitting a separate response to Lot 3 is found in the fact that it would be identical in all respects to the response for Lot 8, and the information was impossible to separate.
Defendant argues as well that the substance of plaintiffs response as to Lot 8 response is “insufficient.”[9] The argument *285 misconstrues the case law. At this juncture because a response was in fact provided, there is no sufficiency argument to be made. TMC Properties, supra, addresses “sufficiency” not as it relates to the quality of the information provided, but rather as to the owners’ efforts to contact the assessor to establish “good cause” when no information has been provided. 15 N.J.Tax at 455. Should defendant have any reason to suspect the validity of plaintiffs certification it has a ready remedy. According to the statute, “[n]o appeal shall be heard from the assessor’s valuation and assessment ... where the owner ... shall have rendered a false or fraudulent account.” If the township uncovers evidence that the taxpayer provided a false or fraudulent response to the assessor’s request it may file a motion to dismiss the complaint under Chapter 91 on those grounds. See Lucent Technologies, Inc. v. Township of Berkeley Heights, 201 N.J. 237, 249, 989 A.2d 844 (2010) (“R. 8:7(e) is entirely consistent with the [N.J.S.A. § 54:4-34’s] statutory prohibition of a tax appeal in those circumstances in which the taxpayer has submitted a false or fraudulent account.”).
Further to these findings, there is merit in plaintiffs contention that dismissal of the appeal should be denied in accordance with ML Plainsboro and Cassini. Under the statute, there are competing obligations placed on the assessor and the taxpayer. While the assessor is entitled to define the scope of the information being requested, the assessor’s request must be clear as to what information is being sought. Cassini, supra, 16 N.J.Tax at 453. Likewise, upon receipt of a Chapter 91 request, a taxpayer is required to provide a “full and true” account of the property’s finances or risk forfeiting the right to appeal. N.J.S.A. 54:4-34; See also Ocean Pines, supra, 112 N.J. at 6, 547 A.2d 691. In balancing these competing obligations, courts are hesitant to dismiss an appeal when there is room for reasonable doubt as to whether an average [taxpayer] owner of income producing property would understand an assessor’s request. ML Plainsboro, supra, 16 N.J.Tax at 257.
Here, dismissal of the appeal for taxpayer’s failure to provide a separate response for the parking and roadway given the particu *286 lar language of the assessor’s request is of concern to this court. To that point, the assessor sent the identical form for both Lots. He did not fashion the Lot 3 request in language directed to a parking lot and access road. (See description of the request forms Parts I and II, supra). In fact, the form specifically excludes consideration of the parking lot.[10] Accordingly, defendant’s assertion that the appeal should be dismissed for failure to respond to the Lot 3 request with separate financial information regarding the parking lot and roadway is obviated by the language of the form which should have made that request clear. See ML Plainsboro, supra, 16 N.J.Tax at 257 (“if there is room for reasonable doubt as to whether an average owner of an income producing property would understand an assessor’s request to include a particular kind of information, the benefit of that doubt should be given to the taxpayer.”); See also Cassini, supra, 16 N.J.Tax at 453 (“A property owner that receives a Chapter 91 request for which a response is impossible, or for which it is unclear what response is being sought, may not have its appeal dismissed for failure to timely respond to such a request.”). The harsh sanction of dismissal under these facts would run afoul of the decided case law.* [11]
For all of the foregoing reasons, defendant’s motion is denied.

 The fact that the response was timely is not in dispute.

 Plaintiff argued that the property is governed by a ground lease and that Lots 8 and 3 are used for mutual economic benefit under the current lease agreement by which tenant agrees to pay nearly all relevant expenses. According to the Dictionary of Real estate, a “ground lease” typically grants the right to use and occupy a piece of land. Dictionary of Real Estate Appraisal, 92 (5th ed. 2010). It is usually in the form of a long term agreement “with the lessee permitted to improve or build on the land and to enjoy those benefits for the term of the lease.” Id. at 249. Neither party certified to the structure of the lease or the payment provisions nor did they provide a copy of the lease.

 The court is cognizant of Summerton Shopping Plaza v. Township of Manalapan, 15 N.J.Tax 173 (App.Div.1995), where the court dismissed the complaint for failure to respond to the Chapter 91 request. In Summerton, the taxpayer argued that he substantially complied with the request given that income and expense information was already in possession of the assessor because of prior discovery exchanges that were made in connection with litigating other tax appeals. Id. at 176. The facts are distinguishable since this plaintiff provided financial information related to the property, where in Summerton plaintiff sought to rely solely on discovery provided to counsel, having made no response to the assessor’s request. Despite this, the fact that the assessor in this case may have been in possession of the lease does not of itself excuse compliance with the statute.

 In the Supplemental Certification Mr. Clancy also certified that the two letters authored by him submitted to the court are true copies of the originals, *280 not having previously done so in his initial certification. Therefore, the court accepts the facts contained therein as having been established.

 According to the Borough’s instructions, gross base possible rental refers to the "total annual income from the rental of space assuming that all space is 100% occupied.”

 This is defined on the request form as income "received for additional charges to tenant. A property owner may be reimbursed for costs such as insurance, taxes, utilities, etc____” If escalation income is received, the amount should be included on the form as "other income."

 This refers to any income that would be attributable to a percentage clause in a lease.

 "Other income” is defined under the request form as "income generated by operation of the real property, but not derived directly from space rental. Examples of other income would include services sold to tenants, income from vending machines, signs on buildings, phones, parking fees, etc.”

 Plaintiff objected to the timeliness of the argument however the court will consider defendant’s position, albeit raised by defendant for the first time in the supplemental submission.

 For instance, when referencing total gross floor area the form states "gross floor area of all floors excluding basement and parking areas." (Emphasis added.)

 Plaintiff raised one additional argument contending that dismissal of his complaint would amount to a technicality under the facts presented. This court finds such argument unconvincing since plaintiff offered no basis for its position.