NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

-----------------------------------------------x

| | | |
|---|---|---|
| HPT IHG TWO PROPERTIES TRUST, | : | TAX COURT OF NEW JERSEY |
| | : | |
| | : | DOCKET NO. 005343-2018 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF SOMERS POINT, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------x

Decided: March 22, 2019

Peter L. Davidson for Plaintiff (Davidson Law Group, attorneys).

Thomas G. Smith for Defendant (Thomas G. Smith PC, attorneys).

**CIMINO, J.T.C.**

## I.     INTRODUCTION

Plaintiff taxpayer, HPT IHG Two Properties Trust, filed a complaint with this court appealing the $7,700,000 assessed value of its property in the defendant municipality, City of Somers Point, for the tax year 2018.  The municipality now moves for an order limiting taxpayer to a hearing on the reasonableness of the data and methodology used by the assessor ("reasonableness hearing") due to taxpayer's

-1-

failure to respond to the municipality's request for income and expense information per the Chapter 91 amendments to N.J.S.A. 54:4-34.[1]

Taxpayer contends that it should not lose its right to fully appeal the assessed value of its property because it never received the municipality's request, and that caselaw requires a narrow interpretation of Chapter 91, to be construed against the municipality due to its severe sanction. If taxpayer succeeds and the municipality's motion is denied, the matter continues and taxpayer is not limited to a reasonableness hearing.

The municipality asserts that it sent its request to taxpayer's address of record. It contends that New Jersey law only requires it to send the request to the address provided by the taxpayer and that it is not responsible for taxpayer's failure to respond. If the municipality succeeds and its motion is granted, taxpayer will be limited to a reasonableness hearing under Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

---

[1] The pertinent provisions of N.J.S.A. 54:4-34 are commonly referred to, and will be referred to later in this opinion, as "Chapter 91," because N.J.S.A. 54:4-34 was last amended by the Legislature with L. 1979, c. 91, § 1. Likewise, the type of motion filed by the municipality here is commonly referred to, and will be referred to later in this opinion, as a "Chapter 91 motion."

## II.    STATEMENT OF FACTS

On July 23, 2015, taxpayer purchased the subject property in the City of Somers Point in Atlantic County. The deed transferring the property to taxpayer identified the grantee and its address as "HPT IHG 2 Properties Trust, a Maryland real estate investment trust, whose address is Two Newton Place, 225 Washington Street, Suite 300, Newton, Massachusetts 02458."

On August 22, 2017, the assessor for the municipality sent by certified mail a request for income and expense information to taxpayer. The assessor used taxpayer's address as recorded on the deed. On August 28, 2017, the assessor received a certified mail receipt for its request indicating that the request was received and signed for by Joseph Keefe at 897 Washington Street. Taxpayer has indicated that Joseph Keefe has never been its agent, employee or representative.

For the tax year 2018, the assessor for the municipality assessed the subject property at $7,700,000. On March 26, 2018, taxpayer filed a complaint with this court appealing the 2018 assessment value. The municipality then filed a Chapter 91 motion to limit taxpayer to a reasonableness hearing for failing to provide a response to its request under Chapter 91. Taxpayer now contends that its address is actually 255 Washington Street, not 225 Washington Street, as indicated on its deed. It also claims that it has no record of an agent, employee or representative named Joseph Keefe. For these reasons, taxpayer argues that it never received the

municipality's request for income and expense information, and thus that it was under no obligation to respond. Therefore, taxpayer argues, the municipality's Chapter 91 motion should be denied.

### III. CONCLUSIONS OF LAW

Chapter 91 provides:

> Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, . . . and if he shall <u>fail or refuse to respond</u> to the written request of the assessor within 45 days of such request, . . . the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income producing property where the owner has <u>failed or refused to respond</u> to such written request for information within 45 days of such request . . . .

[N.J.S.A. 54:4-34 (emphasis added).]

If the taxpayer fails to respond to a municipality's written request for information within forty-five days, its appeal "is limited in its scope to the reasonableness of the valuation based upon the data available to the assessor. . . . Encompassed within this inquiry are (1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation." <u>Ocean Pines Ltd.</u>, 112 N.J. at 11. The

proceeding is thus limited to what is commonly referred to as a reasonableness hearing.

Cases from New Jersey courts indicate that the provisions of Chapter 91 are to be read narrowly and strictly construed against the municipality, due to the severity of consequence faced by the taxpayer. The potential "limitation on a taxpayer's appeal rights is material, substantial, and significant. As a result, our courts have been reluctant to grant Chapter 91 motions unless a municipality can demonstrate strict compliance by the assessor with the letter and purpose of the statute." J & J Realty Co. v. Township of Wayne, 22 N.J. Tax 157, 163 (Tax 2005).

In J & J Realty, the taxpayer sent its response to the municipality's Chapter 91 request by regular mail, but the municipality never received it. Id. at 159-60. The court denied the municipality's Chapter 91 motion because the taxpayer had not "failed or refused to respond" to the request, as required by the statute. Id. at 165. J & J Realty followed, and cited to, numerous previous decisions by both the Appellate Division and Tax Court with likewise favorable outcomes for the taxpayer. See Great Adventure, Inc. v. Township of Jackson, 10 N.J. Tax 230 (App. Div. 1988) (owner-occupied commercial property does not constitute income-producing property for purposes of N.J.S.A. 54:4-34); ML Plainsboro Limited Partnership v. Township of Plainsboro, 16 N.J. Tax 250 (App. Div. 1997) (taxpayer's incorrect inference that municipality's request for information only

related to leases and rentals did not warrant sanctions under Chapter 91); Delran Holding Corp. v. Township of Delran, 8 N.J. Tax 80 (Tax 1985) (despite no response from taxpayer, municipality's request for information was sent to taxpayer too late to be returned before the municipality's assessing date and amounted to nothing more than a demand for interrogatories, precluding sanctions under Chapter 91); SAIJ Realty Inc. v. Town of Kearny, 8 N.J. Tax 191 (Tax 1986) (municipality's failure to include an amended version of Chapter 91 in its request precluded sanctions under the statute); Westmark Partners v. Township of West Deptford, 12 N.J. Tax 591 (Tax 1992) (taxpayer's failure to respond to municipality's requests for information did not overcome municipality's failure to send its requests with sufficient time for the assessor to receive and utilize responses in determining an assessment amount); Cassini v. City of Orange, 16 N.J. Tax 438 (Tax 1997) (municipality's mistake in requesting information for a tax year that would not conclude within taxpayer's forty-five-day deadline to produce a response precluded sanctions under Chapter 91).  See also H.J. Bailey Co. v. Township of Neptune, 399 N.J. Super. 381, 24 N.J. Tax 268 (App. Div. 2008) (despite Chapter 91's requirement that all taxpayers respond to a municipality's request for information, its lack of sanctions directed towards taxpayers with non-income-producing property precluded the municipality's Chapter 91 motion against said taxpayer).

More recently, this court decided that a taxpayer's consolidated response to the municipality's separate Chapter 91 requests on adjacent lots owned by the taxpayer constituted a sufficient response by the taxpayer precluding Chapter 91sanctions. Paramus Associates, LLP/Home Depot, USA, Inc. v. Borough of Paramus, 27 N.J. Tax 274 (Tax 2013).

Here, the facts are almost wholly undisputed, reserving for the identity and status of Joseph Keefe. While keeping in mind the appropriate deference required to be given to the taxpayer in Chapter 91 motions, we now turn to the issues and circumstances of the case at hand.[2]

In Township of Brick v. Block 48-7, Lots 34, 35, 36, 202 N.J. Super. 246, 251-52 (App. Div. 1985), the court stated "[p]roperty owners' addresses are supplied to tax assessors, who are not expected to ferret them out. . . . Due process does not require tax collectors, municipalities and their staffs to examine the tax rolls to

---

[2] This court has created a two-step standard of review for Chapter 91 motions to dismiss in certain scenarios. TMC Properties v. Borough of Wharton, 15 N.J. Tax 455, 463 (Tax 1996). "The first step is a determination of whether the taxpayer made a sufficient 'response' to the assessor's request within the statutory forty-five day period. The second step is a determination of whether the taxpayer's failure to furnish, or delay in furnishing, the requested information resulted from 'good cause.' This second step is reached, however, only if the county board or the Tax Court finds that the taxpayer made a sufficient response within the forty-five day period." Ibid. This standard focuses upon the taxpayer's actions after it receives the municipality's request. Here, this standard is inapposite to resolution of the matter since it is undisputed that taxpayer did not receive the municipality's request. Therefore, the TMC Properties standard of review is inapplicable.

search for outdated or incorrect addresses supplied by property owners, or to communicate with property owners to ascertain whether their addresses remain correct."[3] Ibid. While Brick concerned in rem tax foreclosures, the principles expressed above apply with equal force in Chapter 91 proceedings. To find that the assessor here did not send its request to the proper address would penalize municipalities for lacking actual knowledge of a taxpayer's location. This would force assessors into a constant, costly search for its own taxpayers' true whereabouts.

Taxpayer admits that the deed it recorded in 2015 with the county clerk incorrectly states taxpayer's address as 225 Washington Street instead of the correct 255 Washington Street.[4] Despite taxpayer's address of record not being its actual

---

[3] In Brick, the taxpayer had changed its location and failed to notify the municipality of its new address. Id. at 248.

[4] A deed conveying title to real property satisfies the prerequisites for recording if, among other requisites, it includes the mailing address of the grantee. N.J.S.A. 46:26A-3. "[W]hen a change of ownership of real estate occurs, the new owner may present his deed or other evidence of title to the assessor . . . . [The assessor] shall properly note and record on the books . . . the proper change of ownership, and shall certify that he has done so upon the deed or other instrument of transfer." N.J.S.A. 54:4-29. If no assessor's certificate appears on a deed, the county recording officer ascertains the post-office address of the grantee from the person leaving the deed for recording. N.J.S.A. 54:4-30. "[I]f any grantee is a firm, partnership, association or corporation, the address shall include the location of the firm or partnership or the principal office of the association or corporation in this State, or if it be a corporation of a foreign State, then the principal office of the corporation in that State." Ibid.

address, the court finds that taxpayer's recorded address was the proper address for the assessor to use for mailing the Chapter 91 request.

There is a presumption of receipt if the mail is properly addressed, stamped, and posted. [5] SSI Medical Services, Inc. v. State, 146 N.J. 614, 621 (1996). Previously, this court has applied that presumption in favor of a taxpayer returning a Chapter 91 request to the municipality. J & J Realty, 22 N.J. Tax at 162. Likewise, the court now applies the same presumption as to the municipality mailing the Chapter 91 request to the taxpayer. The assessor used the incorrect 225 Washington Street address to send its request to the taxpayer by certified mail, without knowledge that the address was incorrect.[6] However, whether the prior mail was returned or not, the assessor does not have an obligation to ferret out a correct address and is entitled to rely upon the address provided. Based upon the record here, by mailing its request to the address of record, 225 Washington Street, when he possessed no knowledge of taxpayer's actual address at 255 Washington Street,

---

[5] Per Waite v. Doe, 204 N.J. Super. 632 (App Div. 1985), the Appellate Division applied the presumption as it relates to certified mail.

[6] Parenthetically, the assessor indicates that numerous important documents have been mailed by the municipality to the incorrect 225 Washington Street address since plaintiff's 2015 purchase of the property, and none have been returned to the municipality as undeliverable. Accepting the assessor's representation, either the prior mail was delivered to the wrong address of 225 Washington Street, the error was realized by the postal workers and the mail delivered to 255 Washington Street, or despite delivery to 225 Washington Street, the mail was forwarded by the recipient at 225 Washington Street to taxpayer at 255 Washington Street by hand.

the assessor used the proper address and sufficiently created the presumption of receipt.

However, the proper mailing of the notice does not end the inquiry in every case. The presumption of delivery is rebuttable and "may be overcome by evidence that the notice was never in fact received." SSI, 146 N.J. at 625. It is undisputed that the Chapter 91 request was not delivered to either 225 or 255 Washington Street. Instead, the request was signed for by Joseph Keefe, with the address of receipt noted as 897 Washington Street. Taxpayer asserts that it has no agent, employee or representative of record named Joseph Keefe. Whether 225 Washington Street is taxpayer's address or not, because the request was not signed for at its intended address, and taxpayer's assertion of not having an agent, employee or representative named Joseph Keefe, and keeping in mind the required deference the court must afford to the taxpayer, the court finds that in this instance taxpayer has rebutted the presumption of receipt.

If the Chapter 91 request had been signed for at 225 Washington Street, this would present a different factual scenario. Moreover, if the request was signed by an agent, employee or representative of taxpayer, regardless of address, this would also present a different factual scenario. The court is not presented with, nor needs to decide, the outcome in either of those scenarios.

There is simply no proof here that the assessor's use of the misguiding 225 Washington Street address caused the request to be delivered to 897 Washington Street. Based on the record before the court, nothing suggests that the delivery to 897 Washington Street would have been prevented by addressing it to the correct address of taxpayer, 255 Washington Street. To claim that taxpayer's mistake in recording its address as 225 Washington Street causally relates to the delivery to 897 Washington Street, or any other random address, is simply based upon a false premise.

The Legislature enacted Chapter 91 because without it, taxpayers could withhold information from assessors, leaving assessors at a disadvantage should their assessments be challenged. See S. Revenue, Fin. and Appropriations Comm. Statement to S. 309 (Jan. 26, 1978). Before it was enacted, "[t]he property owner [was] free to appeal the assessment, notwithstanding his refusal to provide information which would have affected the valuation, and, perhaps, avoided the appeal from the assessment." Ibid. Here, based on the record, taxpayer has not attempted to withhold information from the municipality to avoid a weighty assessment. Instead, taxpayer never had the opportunity to respond to the municipality's request for information, because it never received, either actually or presumptively, the Chapter 91 request. Penalizing taxpayer for its failure to respond

-11-

to a request of which it had no knowledge, nor holds responsibility for misdelivery, does not align with the interests of the Legislature when it enacted the statute.

In J & J Realty, 22 N.J. Tax at 164, this court stated that when both the assessor and taxpayer comply with the requirements of Chapter 91, "deciding [the municipality's] motion requires a balancing of the impact on [taxpayer] of the granting of the motion against the impact on [the municipality] and the assessing process of the denial of the motion." Ibid. The balancing requires consideration of the case law's deference to the taxpayer and of the taxpayer's constitutional right to appeal tax assessments. Ibid. "When an assessor has failed to receive a response to a request for information, the impact on the [municipality] and the assessor resulting from denial of a Chapter 91 motion is of a far lesser magnitude than the impact . . . on a taxpayer's appeal rights resulting from the granting of the motion." Id. at 165. When, as here, a taxpayer overcomes the presumption of receipt for a request for income and expense information sent by an assessor, the sanctions imposed by Chapter 91are not appropriate unless the municipality demonstrates delivery.

Based upon the record as it now stands, because taxpayer has overcome the presumption of receipt, convincing the court that delivery was not made to the address, albeit incorrect, that it provided, the municipality's Chapter 91 motion cannot be granted.

Most Chapter 91 motions are resolved based on an undisputed factual record. In this case, the parties do not dispute that taxpayer provided an incorrect address and that the request was delivered to an address that was neither taxpayer's actual address, nor the incorrect address that it provided.

The purpose of Chapter 91 motions is to weed out cases in which the taxpayer does not comply with an assessor's request. Municipalities must file their Chapter 91 motions by the earlier of 180 days after the initial complaint is filed or thirty days before trial. R. 8:7(e). This prevents the accrual of litigation expenses, including attorney's fees and expert costs, on the part of the municipality and ultimately all the municipality's taxpayers. It also protects the litigant taxpayer from expending sums on attorney's fees and expert costs, only to have its case dismissed for Chapter 91 noncompliance.

In reply to the taxpayer's opposition to this motion, the municipality hedged by indicating that further discovery may reveal why Joseph Keefe signed for the municipality's request and why he indicated that he signed for it at 897 Washington Street. Since the presumption has been overcome, the municipality has the burden of demonstrating delivery, not the taxpayer proving non-delivery. The court's rejection of the municipality's argument as to sole reliance on the address provided by taxpayer should not preclude the municipality from conducting discovery as to

Joseph Keefe's identity, why he signed for the municipality's request, and where he signed for the municipality's request.

The court placed the aforesaid opinion on the record in the presence of counsel. The court then indicated that a case management order would follow allowing the municipality a brief period to conduct discovery as to Joseph Keefe, if so desired, and supplement the record by a date certain. This comports with the policy that Chapter 91 issues are to be promptly resolved prior to incurring significant litigation expenses and costs.

However, after the oral argument of this motion which was heard on an earlier date, the municipality, to counsel's credit, proactively conducted further investigation into Mr. Keefe's identity, and was unable to establish who he is. Thus, the municipality has declined to conduct further discovery. Therefore, the court is able to decide the motion based upon the facts in the record and the court's opinion as set forth.

## IV. CONCLUSION

For the reasons stated, the municipality's Chapter 91 motion is denied. An order will follow.