NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

**TAX COURT OF NEW JERSEY**



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

May 14, 2021

Michael O'Grodnick, Esq.
Savo, Schalk, Gillespie,
O'Grodnick & Fisher, P.A.
56 E Main St., Suite 301
Somerville, New Jersey 08876

Michael I. Schneck, Esq.
Schneck Law Group LLC
301 South Livingston Avenue, Suite 105
Livingston, New Jersey 07039

> Re:  Hocroft Associates v. Township of Bridgewater
>       Docket Nos. 006949-2021

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion to dismiss plaintiff's complaint pursuant to N.J.S.A 54:4-34. As discussed more fully below the court denies defendant's motion.

I.      Statement of Facts and Procedural History

On March 1, 2020, the tax assessor for the Township of Bridgewater ("defendant") mailed by certified mail a Chapter 91 request for the property located at 981-991 Rt 22 West, Bridgewater, New Jersey, also known as Lot 1 in Block 556 of the Tax Map for Bridgewater Township ("subject property"). This request included a cover letter "To Income-Producing Property Owner", a copy


*


Americans with
Disabilities Act


ENSURING
AN OPEN DOOR TO
JUSTICE



of N.J.S.A. 54:4-34, and forms for income and expenses to be filled out by the owner.  No mailing address or property address appears on the cover letter or forms.

Defendant's assessor avers that the Chapter 91 request was addressed and mailed to Hocroft Associates ("plaintiff") the owner of record at their address on record with the defendant, PO Box 6872, Bridgewater, NJ 08807-0872.   No response to the Chapter 91 request was received by the defendant.

Plaintiff filed a direct appeal of the 2021 tax year assessment with the Tax Court of New Jersey on March 29, 2021.  Defendant filed an answer and counterclaim the same day.  On March 30, 2021, defendant filed the within motion to dismiss plaintiff's complaint pursuant to N.J.S.A. 54:4-34.

II.      Conclusions of Law

N.J.S.A. 54:4-34 provides that a taxpayer is to provide a full and true account of the income from income-producing real property within 45-days of a request made upon him by an assessor. The statute requires the Chapter 91 request be made by certified mail and that the request include a copy of the statute.  Ibid.  In the event a taxpayer fails to respond to such request within 45 days of the request, no appeal will be heard from the assessor's valuation and assessment.  Ibid.

Here, defendant argues that it complied with the statutory requirements and that plaintiff received the Chapter 91 request but failed to respond.  As such, defendant seeks the dismissal of plaintiff's complaint challenging the assessor's assessment for the 2021 tax year.  In response, plaintiff argues that the Chapter 91 request was defective, confusing, and ambiguous.  Plaintiff specifically contends that the cover letter is addressed to "Income-Producing Property Owner" with no reference to either plaintiff's name or the identification of the property to which the letter refers.  Additionally, defendant maintains that the annual statement of income and expenses form

included with the cover letter also fails to identify either the owner or the property to which it refers. In response, counsel argues that the cover letter and form was sent via certified mail and that the "green card" attached to the envelope indicates that the envelope was addressed to "Block 556, Lot 1, Hocroft Assoc., PO Box 6872, Bridgewater, NJ 08807-0872." Thus, defendant argues plaintiff received sufficient notification of the identity of the property to which the enclosed request was made.

It has long been held that assessors must provide taxpayers with sufficient notice as to their demands for information pursuant to N.J.S.A. 54:4-34.

> The defendant municipality cannot seek to close the door of tax appeals until it has given property owners fair notice of their obligations in the Chapter 91 requests…. The government must speak in clear and unequivocal language where the consequence of non-compliance is the loss of the right to appeal assessments.
>
> [Green v. East Orange, 21 N.J. Tax 324, 331 (2004)(citing Cassini v. Orange City, 16 N.J. Tax 438, 460-53 (1997)]

In Green, the court found the Chapter 91 request to be inconsistent and confusing where, as here, the subject property's street address didn't appear anywhere in the cover letter or forms and the only reference to the property about which the request was made was numbers set forth on the mailing label affixed to the top of the letter. Id. at 331-32. Here, neither the cover letter nor the forms contain any reference to the subject property by way of numbers or otherwise. The documentation provided by defendant in support of its motion demonstrates that there is no reference on the cover letter or the forms to the owner or the subject property. Indeed, from the submission of the defendant the only reference to the property owner and the lot and block of the subject property is on the "green card" attached to the envelope in which the Chapter 91 request was mailed. The address of the subject property does not even appear on that card. Moreover, once delivered, the green card was signed and removed from envelope, and was not retained by

3

the party to whom the envelope was delivered.  See  Green at 333 ("[t]he mailpiece may not be opened or given to the recipient before the recipient signs . . . and returns the receipt to the USPS employee.").  Thus the identification of the lot and block reference on the green card did not serve to notify plaintiff of anything even assuming it was read by plaintiff's representative before it was signed.

Counsel argues that the green card indicates that the envelope was addressed to:

Block 556 Lot 1 Qual
HOCROFT ASSOC.
PO BOX 6872
BRIDGEWATER, NJ 08807-0872

Thus, counsel asserts that the address on the envelope in which the demand was sent constitutes sufficient identification of the property to which the demand is made.  However, the certification provided to the court in this matter merely states that the assessor mailed the Chapter 91 request "to the property owner of record, Hocroft Associates, at their address of record with the Borough."  Nothing submitted by defendant supports the statement that the block and lot reference was included in that address or otherwise.

Even if the court accepts counsel's assertion that the addressee on the envelope included the Lot and Block reference of the subject property[1], it is uncontroverted that neither the correspondence provided by plaintiff, nor the forms to be completed, identifies the lot, block, property address or property owner.

> "[T]he assessor's request notice to the taxpayer must be clear cut." Summerton Shopping Plaza v. Manalapan Township, 15 N.J. Tax 173, 177, (App. Div.1995). Moreover, if there is room for reasonable doubt as to whether an average owner of an income

---

[1] Although the addressee is set forth as Block 555 Lot 1 Qual, there is no indication whatsoever that the block and lot are located within any particular municipality.  That the post office box address of plaintiff is located in the subject municipality is a mere fortuitous coincidence.

4

producing property would understand an assessor's request to include a particular kind of information, the benefit of that doubt should be given to the taxpayer. *Cf.* *Great Adventure, Inc. v. Township of Jackson*, 10 N.J. Tax at 233 (noting that "the severity of the penalty for noncompliance provided for by N.J.S.A. 54:4-34, namely, the taxpayer's loss of his right to appeal the assessment, requires a strict construction of the statute"); see also SAIJ Realty, Inc. v. Town of Kearny, 8 N.J. Tax 191, 196-97 (Tax 1986).

[ML Plainsboro Ltd. Partnership v. Plainsboro Tp., 16 N.J. Tax 250, 257, (App. Div. 1997 )]

Here nothing provided by the defendant to the taxpayer identifies the property to which the demand is made. Neither the correspondence nor the enclosed income and expense form provide the taxpayer with notice as to which property the Chapter 91 demand referred and creates sufficient doubt as to whether the taxpayer could understand that the assessor's request referred to the subject property. The mere inclusion of a lot and block reference in the address on the envelope in which the Chapter 91 demand was made is insufficient notice to the taxpayer that the Chapter 91 demand within is made with respect to such property.

III.    Conclusion

For the reasons set forth above, the court denies defendant's motion to dismiss plaintiff's complaint pursuant to N.J.S.A. 54:4-34.

Very truly yours,

Kathi F. Fiamingo, J.T.C.

5